### No. 2,690.

### THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* JOSE B. COYODO, APPELLANT.

CRIMINAL LAW.—PRACTICE.—CHALLENGE.—A challenge may be made to the panel, on account of any bias of the officer summoning them, which would be good ground of challenge to a juror.

IDEM.—PANEL.—DEFINITION OF.—The word "panel" includes within its definition the jurors returned upon a special venire to fill out the deficiency, after the regular "panel" has been exhausted.

IDEM.—VERDICT.—INSTRUCTIONS.—EVIDENCE.—A verdict of guilty rendered by a jury under an instruction of the Court, to the effect, "that they must acquit the defendant, unless they find that the deceased was killed by Paul Tibeaux, while the defendant aided and abetted the killing," and the evidence was that the fatal shot was fired by a Frenchman named Paul, without proving that Paul was the same person known as Paul Tibeaux, is contrary to the instruction of the Court, and therefore erroneous.

APPEAL from the Eleventh District Court, County of Calaveras.

The facts are sufficiently stated in the opinion.

*Walter L. Hopkins*, for Appellant.

*First*—The Court erred in overruling defendant's challenge to the panel and list of jurors appearing pursuant to the special venire.

When the panel is formed from persons whose names are not drawn from the grand jury box, a challenge may be made to the panel on account of *any bias* of the officer who summoned the jury which *would be good grounds of challenge to a juror*. (Crim. Pr. Act Sec. 337.)

Section 346 Crim. Pr. Act, lays down the distinction between "actual" and "implied" bias, and the succeeding Section (347) makes having formed or expressed an unqualified belief or opinion that the prisoner is guilty or not guilty of the offence charged, *good ground of challenge to a juror for implied bias;* and, consequently, under Section 337 it is "good ground" of challenge to the panel formed as therein mentioned.

The answers of the Sheriff showed that he had expressed an unqualified opinion. (*People* v. *Williams,* 6 Cal. 206.) Also, that he had formed an unqualified opinion. (*People* v. *Weil,* Oct. Term, 1870.) Under either of the cases above cited, if a juror, examined as to his competency, had made the same answers as the Sheriff did, and defendant had challenged him for implied bias, the challenge would have been sustained.

Should the objection be raised here that the jurors appearing pursuant to the special venire, did not constitute a panel, I answer, "the *panel is a list of jurors returned by the Sheriff,*" to serve at a particular court, or for the trial of a *particular cause.* (Crim. Pr. Act, Sec. 328.)

Besides the wording of Section 337, is, "where the panel is formed from persons, etc." Now the panel cannot certainly be formed until every act *necessary to complete* the formation of it has been done, and if the issuance of the special venire was an act necessary to complete the panel, the panel evidently was not formed until the jurors summoned thereunder had appeared. Of course defendant does not claim that his challenge to the panel, under the circumstances, could have any effect upon the ten jurors sworn to try the cause.

*Second*—In the First Count of the Indictment it is alleged that "*Paul Tibeaux* * * * did kill and murder one Elkanah Said, and the means, etc., by which the killing was accomplished are stated with due particularity. It is further alleged in the same Count, "Baptiste Dueny, Andreas Molino and *Jose B. Coyodo,* * * * stood by, aiding and abetting * him, the said *Paul Tibeaux, in the felony and murder aforesaid,* in *manner* and form aforesaid to do and commit."

In the Second Count of the Indictment it is alleged generally, "that * * Paul Tibeaux, Baptiste Deuny, Andreas Molino and Jose B. Coyodo * * did kill and murder Elkanah Said."

The evidence proved that a Frenchman named "Paula" or "Paul" fired the fatal shot which killed Mr. Said, and that the defendant Jose B. Coyodo stood by aiding and abetting, etc., and there was no evidence tending to prove that Paul Tibeaux, the principal named in the indictment, was in any manner concerned in the commission of the offence therein charged, and there was no evidence tending to prove that the defendant Jose B. Coyodo, was in any manner concerned or implicated in the killing of Mr. Said, except as an accessory before the fact.

Defendant's counsel moved the Court to quash the indictment and discharge defendant because of the variance between the allegations and the proofs; motion was overruled; defendant's counsel excepting, and refusing to introduce any evidence in behalf of defendant.

The Court instructed the jury that they must acquit defendant, unless they find that the deceased was killed by Paul Tibeaux, while the defendant aided and abetted the killing.

Defendant was convicted, and moved for a new trial on the grounds of variance between the allegations and the proofs. Motion was overruled. Defendant excepting: *First*—The Court erred in overruling motion to quash indictment and discharge the defendant. *Second* — Court erred in refusing to grant defendant a new trial, for the verdict was contrary to the law as laid down in the instructions of the Court, and the verdict was contrary to the evidence, for the guilt of the defendant, as charged, was not proved.

The connection cannot be sustained under the last count of the indictment, for therein the defendant is charged as a principal, and there is no evidence implicating the defendant as a principal in any crime whatever. (*People* v. *Trim,* 39 Cal. 75; *People* v. *Campbell,* Oct. Term, 1870.)

We contend that under the first count of the indictment the name of the alleged principal, Paul Tibeaux, should have been proved as alleged, and the failure so to prove it constituted a material variance between the allegations and proofs.

Defendant was chargeable only as an accessory before the fact, and it was necessary to indict him as such. (*People* v. *Campbell, supra.*) And in indicting him as such, it was necessary to allege the name of some principal, known or unknown—(for how can there be an accessory unless there is a principal?); and the name of the principal being necessarily alleged, it ought to have been proved as alleged.

If the indictment states the name of the principal to be unknown contrary to the truth, the defendant is entitled to an acquittal. (1 Whartin Criminal Law, Sec. 251.) And surely when the indictment states the name of a known principal, the people must prove the name alleged.

Again "no allegation descriptive of that which is charged can ever be rejected." (1 Greenleaf's Evidence, Sec. 56, note 1.) The name Paul Tibeaux is descriptive of defendant's offence. His offence was not the killing of Said, but the standing by, aiding and abetting, etc. Aiding and abetting whom? Paul Tibeaux, the principal named in the indictment.

Again, strike out the word Paul Tibeaux from the indictment, and the sense and meaning of the whole instrument is destroyed, and the rule is that whatever can not be stricken out without getting rid of a part essential to the cause of action must be retained, and of course must be proved, though it be described with unnecessary particularity. (Greenleaf, 1 vol. Secs. 63–65.)

Again, any variance in sound in the names of material third parties is fatal at common law. (1 Wharton Crim. Law, Sec. 259, Subdivision 4, and Sec. 595 and 596.)

But it was suggested by the people's counsel in the Court below, that the Common Law does not govern this case, but the Statute does. What Statute? Section 253 Crim. Pr. Act only covers the case of an "erroneous allegation as to the person injured or the person intended to be injured;" and

even if that section was applicable to this case, it surely could not be contended with any show of reason that the defendant could be convicted of the murder of a man named Paula or Paul under an indictment charging him with the murder of Paul Tibeaux.

When substantial error is once shown, the law presumes that it was to the prejudice of the defendant, and the record in the present case affirmatively sustains this presumption of the law, for the conduct of the defendant, in refusing to put in any evidence in rebuttal of the offence proved, can only be explained by the fact that the offence proved was not the offence alleged.

*Jo Hamilton,* Attorney-General, for Respondent.

*First*—The challenge in this case was not addressed to the panel, but it was addressed simply to the talesman who was summoned to fill up and complete the jury, the number of which is provided by the statute, and is not such a challenge as is contemplated by the statute, on which appellant relies.

The statute provides the manner and mode by which the panel which tries a case shall be summoned, and in the event a jury is incomplete after the panel is exhausted—how it shall be complete (Art. 3,887, Sec. 18, 1 Hittell, page 564.) Section 337, Crim. Pr. Act, provides for a challenge to the panel from which the jury is formed, the challenge goes no further. Section 18, *supra,* makes and recognizes a difference between the regular panel and such special talesman summoned to complete a jury, calling the latter special trial jurors, and seeming to guard by special care against the objections urged by the appellant, provides that the persons thus summoned shall be as competent, in all respects, as if drawn and summoned before the commencement of the term. (Also, Section 21, of same Act.)

The special jury law as fixed by the Act approved April 23d, 1863, and subsequently amended by the Act approved April 4th, 1864, Stat. 1863–4, page 450, being special in its character nullifies and repeals so much of Section 337 of

the Criminal Practice Act as is relied upon by appellant if it were ever in point.

Under the Act known as the Criminal Practice Act, passed in 1851, the Sheriff himself or his deputies selected the grand and trial jurors. Prejudice on the part of the summoning officer might very readily endanger a criminal defendant; but, under the Act of 1863, the Sheriff is simply a ministerial officer of the Court, whose duty it is to bring into the Court the persons whose names have been drawn as provided by law.

But I further respectfully submit that the challenge referred to in Section 337, relied on by appellant's attorney, relates not only not to special jurors, but does not refer to trial jurors at all, but applies alone to grand jurors. (Crim. Pr. Act, Secs. 321, 159, 180–190).

*Second*—Appellant's second point does not sustain the plea of variance between the indictment and proof; the only question is, was the proof full enough?

I think it sufficient on this point to reply that it is not Tibeaux on trial, but the defendant "Coyodo." If, on the trial under the second count in the indictment, any of the defendants did the killing, and the defendant aided and abetted or assisted therein, then the crime is made out.

It would also be sufficient under the first count. (1 Chitty Criminal Law, 260, and authorities in note "A" thereto.) Where several defendants are jointly indicted, and sever on trial, I do not understand that on the trial of one the guilt of all must be proven.

The indictment and proof under the second count are good under the authority of the *People* v. *Cronise*, (34 Cal. 210;) Crim. Law Pr. Act, (Sec. 253); *People* v. *Coyodo*, (6 Cal. 23;) *People* v. *Beurs*, (10 Cal. 68.)

The defendant being associated in a common and unlawful cause (robbery), any act done by one in furtherance of the common cause was alike done by all.

TEMPLE J., delivered the opinion of the Court, RHODES, C. J., WALLACE J., and CROCKETT J., concurring:

The defendant was convicted of the crime of murder in the first degree. At the trial, from the regular panel, ten jurors were selected and sworn—the regular panel being then exhausted. By this time the defendant had exhausted all his peremptory challenges. A special venire for six additional jurors having been issued, was served by the Sheriff, and the jurors summoned appeared in Court. The defendant then interposed a challenge to the panel returned on the special venire, on the ground that the Sheriff had formed and expressed an unqualified opinion that the defendant was guilty. The challenge was denied, and on the trial of it the Sheriff was sworn, and from his evidence it appears plainly enough that he had formed and expressed such an opinion as would have disqualified him from serving as a juror in the case. Section 337, of the Criminal Practice Act, provides that a challenge may be made to the panel on account of any bias of the officer summoning them, which would be good ground of challenge to a juror; and we think the ruling of the Court in denying the challenge clearly erroneous.

We find nothing in the Act Concerning Jurors, passed April 27, 1863, (Stats. 1863, p. 630), inconsistent with the provisions of the Criminal Practice Act. It expressly enacts that either party may have the number of the peremptory challenges, and the challenges for cause now provided by law; and it makes no provisions for the manner in which the challenges shall be interposed. This is left for the Criminal Practice Act, and we think clearly implies that its provisions upon the subject are still to continue in force.

We think the word "panel" includes within its definition the jurors returned upon a special venire to fill out the deficiency after the regular panel has been exhausted. Section 337 of the Criminal Practice Act was intended to apply to just such a case as that presented in this record.

The indictment, in the first count, charges the homicide to have been committed by one Paul Tibeaux, and that the defendant aided and abetted. The second count charged that the defendant and others did kill and murder Elkanah Said. The Court instructed the jury that they must acquit the defendant unless they find that the deceased was killed by Paul Tibeaux, while the defendant aided and abetted the killing. The evidence was that the fatal shot was fired by a Frenchman by the name of Paul, and there was no evidence to show that Paul Tibeaux had anything to do with the homicide. The failure to prove that Paul was the same person known as Paul Tibeaux was probably a mere oversight, but the total absence of proof upon that point is fatal to the verdict. It would be contrary to the instruction of the Court, and, therefore, erroneous.

Judgment reversed and new trial ordered.