CASE 66—INDICTMENT—MARCH 26.

# Commonwealth v. Minor.

### APPEAL FROM OWEN CIRCUIT COURT.

1. CRIMINAL LAW—LIQUOR TRAFFIC—PRESCRIPTION BY PHYSICIAN.—A statute making it unlawful for a physician to prescribe whisky, unless the person for whom it is prescribed is actually sick, and it is "absolutely required as a medicine," is not violated if the person for whom the whisky is prescribed is actually sick, and the physician, after a full and fair investigation of the disease, believes in good faith that his patient actually requires the whisky as a medical remedy.

2. SAME.—Where such a statute is enacted in order that laws against the sale of liquor, as a beverage, may not be evaded under the guise of a medical prescription, it is constitutional; although it would be unconstitutional if construed to require the physician to act upon his peril, and to make him liable to punishment for a mistake as to the necessity for such a remedy, although he may have acted in perfect good faith after a full and fair investigation.

3. BURDEN OF PROOF.—It is no objection to such a statute that it casts the burden upon the physician to show that the whisky was needed as a medicine by the person for whom it was prescribed, as such a provision simply declares a well-known rule of evidence.

4. SAME.—In all statutory crimes it is competent for the Legislature to say that the proof by the Commonwealth, of any material fact or circumstance that shows a *prima facie* case of guilt, shall be sufficient to cast the burden upon the accused.

P. W. HARDIN FOR APPELLANT.

An indictment against a physician, charging that he gave a prescription to a person for whisky, knowing that the person was not in need of it by reason of sickness, is good. .

LINDSEY & BOTTS FOR APPELLEE.

The provisions of an act of the Legislature, putting the burden of proof on the accused, to show that a prescription given by him for whisky was a medical necessity, is unconstitutional. (Acts of Kentucky Legislature, 1883–4, volume 2, page 1444; Gale v. Owen Co., 83 Ky., 61; Wharton's Crim. Ev., sections 322, 329, 330; Constitution of Ky., article 13, section 12.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The Legislature of this State, by an Act approved May the 9th, 1884, authorized the legal voters of Owen county to vote on the question of local option in said county.

At the time designated in the Act, a majority of the legal voters, voting at the election, voted against the right to sell spirituous, vinous or malt liquors in said county as a beverage.

The appellant was indicted in the Owen circuit court for giving, as a physician, a written prescription to another person for whisky, in violation of the eighth section of said Act.

The 6th section of the Act prohibits the sale of whisky in Owen county as a beverage, and imposes a fine on any person that sells whisky in the county, except as provided in the eighth section of the Act. This section provides, in substance, that the Act shall not apply to any druggist who sells for medicinal purposes on a prescription written and signed by " a regularly practicing physician." The Act also provides, " No physician shall make or sign any such prescription, except the person for whom it is prescribed is actually sick and such liquor is absolutely required as a medicine." For making or signing any prescription for whisky, except as provided for in section 8, the physician so making or signing the prescription is subject to a fine. Section 8 also provides, in substance, that, if a physician is indicted for giving a prescription for whisky, and it is proven on the trial that he did give the prescription, such proof casts the burden upon him to show that the whisky was needed as a medicine by the person for whom it was prescribed.

Whisky is regarded in medical science (and is so recognized by the section *supra*) as an essential medicine for many serious diseases. Medical science, owing to the complication. of the human organization and the obscure causes of diseases, is an abstruse science and is by no means perfect. It is progressing. New and more efficacious remedies for known diseases are being discovered every day and new diseases are constantly springing up that require new remedies. It is impossible for any man to be so thorough a master of the science as to be able to absolutely know what is a correct remedy, even for known diseases, much less for new ones. He is liable, though never so learned, to not only be mistaken in the nature of the disease itself, but as to the proper remedy. It is conceded that it is essential, not only to alleviate suffering, but as a material aid to the restoration to health, that we should have the assistance of physicians, not only learned in the causes of disease, but in the manner of treating it. To make him a warrantor that the particular drug he prescribes is absolutely necessary for the disease, and for a breach, the result of an honest mistake, to mulct him in a fine, would drive him from the field.

The Act itself recognizes whisky as a necessary medicine; therefore, if that part of section 8 that prohibits a physician from prescribing it unless it is "absolutely required" as a medicine for the person for whom it is prescribed, is to be construed to mean that the whisky prescribed must be "absolutely required" as a medicine for the sick person, and the physician, in determining whether or not it is "absolutely required," must act upon his peril and be fined, if his patient's disease was so com-

plicated as to baffle a correct understanding of it, and the remedy required, and he made a mistake, though never so diligent, as to the remedy prescribed, the Act thus construed would be unconstitutional.

But the Act need not bear so rigid a construction; all it means is, that if the person is actually sick, and the physician after making a reasonably full and fair investigation of the disease believes in good faith that his patient needs the whisky as a medical remedy, and prescribes it, he is not guilty of violating said section.

The section thus construed in reference to the particular under consideration is not unreasonable. And, as the Legislature has the constitutional power to authorize local communities to say that they do not wish whisky to be sold in their midst as a beverage, and upon their saying so, laws, adequate for the suppression of the sale of it as a beverage, are put in force, a law that reasonably guards the prescribing of whisky as a medicine, so that the sale of it as a beverage may not be evaded under the guise of a medical prescription, is not unconstitutional.

Section 8 also provides, in substance, that when it has been proven, on the prosecution of a physician for a violation of said section, that he gave a written prescription to another person for whisky, the burden is thereby thrown upon the physician to show that the whisky was needed as a medicine by the person for whom it was prescribed. It is contended that this part of the provision is unconstitutional. We think not.

The selling of whisky as a beverage, in Owen county, is made unlawful by said Act. Also, it is made unlawful for a physician to prescribe whisky for any person,

unless said person is actually sick, and the whisky is needed as a medicine. Unless the whisky is prescribed under the foregoing conditions, the Act treats it as having been prescribed for use as a beverage.

A person, though charged with crime in the most solemn manner, is presumed to be innocent until the contrary affirmatively appears by proof. He is not called upon to offer any proof of his innocence until his accuser, the Commonwealth, has introduced such proof of his guilt as, unexplained, makes out a case against him—in other words, presumptively establishes his guilt—then the burden is thrown upon him to rebut this presumption by proof explaining it away, and showing his innocence. Thus: one is charged with the crime of murder; his guilt is presumptively established by proving that he killed the person with a deadly weapon. The burden is then cast upon him to show that he had some lawful excuse for doing the killing, or that he did it in sudden heat and passion. Also, if it be proven that one struck another with his fist and killed him, a case of manslaughter is presumptively made out, and the burden of proof is thrown upon the accused to show a lawful excuse for the killing. The reason why the proof of the foregoing facts makes out a presumptive case of guilt is the fact that the act of killing a person, by another person, is unlawful, unless such person has a lawful excuse for so doing, which he must show upon it being established that he did the killing. Also, it is unlawful to sell whisky, even outside of a local option county, town or precinct, without a license; therefore, if the selling be proven, the case is presumptively made out, and the burden is thrown

upon the party to show that he had license. Why? Because the act of selling the whisky is unlawful unless the person has been granted the privilege to sell it, which he must show. Here it is unlawful to sell whisky in Owen county as a beverage, and the eighth section of the act under consideration makes it unlawful for a physician to prescribe whisky for another person, unless such person is actually sick, and requires the whisky as a medicine, otherwise he is to be treated as having prescribed it as a beverage; therefore, the fact that he prescribed the whisky makes out a presumptive case against him, and the burden is then cast upon him to show that the person was actually sick, and the whisky was required as a medicine. So, leaving that part of the act in reference to the presumption out of view, the burden would be upon the physician—the fact that he prescribed having been proven—to show that the person was actually sick and needed the whisky as a medicine. The act, therefore, simply declares a well-known rule of evidence.

But, in all statutory crimes it is competent for the Legislature to say that certain acts proven by the Commonwealth shall be sufficient to make out a presumptive case against the accused, and cast the burden of proof upon him, provided the burden is not cast upon him to prove his innocence, without first requiring the Commonwealth to prove some material fact or circumstance conducing to prove the guilt of the accused. For instance, where it has been proven that a faro-bank or other table mentioned in the statute has been set up in any of the houses mentioned in the statute, the statute

makes such proof presumptive evidence that the faro-bank or other table was set up by the permission of the person occupying or controlling the house, etc. The constitutionality of this provision has never been questioned. In the case of Buford v. The Commonwealth, 14 B. Mon., 24, the right of the Commonwealth to convict on such testimony was sanctioned. Also, in civil matters, where a constable gives a receipt for notes or accounts placed in his hands for collection, the statute, after the expiration of a hundred and twenty days from the date of the receipt, makes the receipt presumptive evidence that the constable has collected the claims.

The judgment of the lower court, sustaining the demurrer to the indictment, is reversed, and the case is remanded, with directions to overrule the demurrer, and for further proceedings consistent with this opinion.

CHIEF-JUSTICE LEWIS dissenting.