PROVOSTY, J.
Plaintiff sues for the value of several head of cattle killed at different times by the defendant railroad, the aggregate amount being $298, an amount within the jurisdiction of both the district court and the Court of Appeal, but the value of the animals killed at no one time being sufficient to confer jurisdiction upon either of those courts.
[1] Defendant excepted that the petition contained an improper cumulation of causes of action; and, in support of that exception, says that several actions arising.from causes separate in time and place cannot be joined in one petition, and that jurisdiction ratione materise cannot be conferred by joining several distinct actions in one suit.
As to the cumulation of separate causes of action, the Code of Practice (article 151) expressly authorizes it:
“Art. 151. If the plaintiff has several causes of action tending to the same conclusion, not contrary, to nor exclusive of each other, though they arise from different contracts, he may cumulate and bring them in the same suit; as, for example, if one claim from another one hundred dollars in virtue of a sale, and one thousand dollars in virtue of a loan, or if he claim a movable from another both by inheritance and by purchase.”
[2] As to jurisdiction, it would seem to be evident that, where several demands are cumulated in one suit, “the matter in dispute” or “the amount in dispute” (Const, arts. 85, 109) is the aggregate amount of the several demands. The eases cited by counsel from our own reports to the contrary of this (De L’Homme v. De Kerlegand, 4 La. 353; Copley v. Flint, 16 La. 380, Leverich v. Adams, 15 La. Ann. 310; Parker v. Talbot, 37 La. Ann. 22; Smith v. Braun, 37 La. Ann. 225; Gerson v. Jamar, 30 La. Ann. 1294) are not in point. No question of jurisdiction was involved in them. Having found these decisions cited from our reports not to be in point, we have not taken the trouble to examine those cited from the reports of other states.
[3] Defendant excepted to the petition on the further ground that, it not containing the allegation that the killing of the cattle had been through the fault or negligence of the defendant, it failed to show a cause of action.
In State ex rel. Sorrel v. Judge, 106 La, 425, 31 South. 57, that exact point was pass: ed on; the court holding that, in view of *433 the provisions of Act 70 of 1880, p. 109, an allegation of fault or negligence was not necessary in cases like the present. That law reads as follows:
“An act malting it sufficient for plaintiffs and owners jo recover in suits against railroad companies for loss of stock killed or injured by railroads, to prove the killing or injury, unless it be shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part, or the negligent or indifferent running or management of their locomotives or trains.
“Sec. 1. Be it enacted by the General Assembly of the State of Louisiana, that in suits against railroad companies for the loss of stock killed or injured by them, it shall be sufficient in order for the plaintiff and owner to recover, to prove the killing or injury, unless it be shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotives or trains.”
[4,5] Defendant contends that this law is in contravention of, and conflict with, Amendment 14, § 1, of the Constitution of the United States, in that it denies to the railroad the “equal protection of the laws”; and in contravention of, and conflict with, sections 15 and 18’ of article 48 of the Constitution of this state, in that it is a special law regulating the practice of courts and changing the rules of evidence; and that it is therefore unconstitutional.
The said act is not a special law, but a general law, since it applies throughout the state and to all railroads; and it does not discriminate invidiously between persons, since it merely makes a change in the rules of procedure and evidence in a particular class of cases, makes provision, presumably in the public interest, for an exceptional class of cases, because, presumably, of their exceptional character.
[6] The rules of procedure and evidence are, of course, within legislative control; change in them cannot be said to affect vested rights.
The judgment of the Court of Appeal is affirmed, at the cost of relator.