Argued July 14, affirmed July 21, rehearing denied September 8, 1914.

## STATE *v.* HENDERSON.*

(143 Pac. 627.)

**Larceny—Evidence—Ownership of Property.**

1. Under Section 5524, L. O. L., providing that all brands shall be recorded in the county where the owner resides and any other county where the animals usually range and no evidence of ownership by brand shall be permitted unless the brand shall be recorded, and Section 5528, making the duly recorded brand *prima facie* evidence of ownership, in a prosecution for larceny of calves, there must be some other proof of ownership than an unrecorded brand.

[As to when animals are subjects of larceny, see note in 47 Am. Rep. 765.]

---

*On the question of the admissibility of a brand as evidence of the ownership of cattle, see note in 11 L. R. A. (N. S.) 87.

REPORTER.

Larceny—Evidence—Unrecorded Brand.

2. In a prosecution for the larceny of calves, evidence as to the brand of the cow, the mother of the calves alleged to have been stolen, was competent for the purpose of identification.

   [As to brands on animals as evidence of ownership, see note in Ann. Cas. 1913E, 133.]

Larceny—Evidence—Weight and Sufficiency—Ownership of Property.

3. In a prosecution for the larceny of calves, evidence other than the brand *held* sufficient to establish the title to the calves in the alleged owner.

Larceny—Instructions—Proof of Ownership.

4. In a prosecution for the larceny of calves, an instruction that the ownership of the property may be shown by proof other than by a recorded brand is proper.

From Harney: DALTON BIGGS, Judge.

The defendant, James H. Henderson, was indicted, tried and convicted of the larceny of two calves, and from the judgment and sentence imposed thereon, appeals.          AFFIRMED.  REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. J. W. Biggs.*

For the state there was a brief over the names of *Mr. Geo. S. Sizemore,* District Attorney, *Mr. Andrew M. Crawford,* Attorney General, and *Mr. Joseph A. Benjamin,* Second Assistant Attorney General, with an oral argument by *Mr. Benjamin.*

Department 2. MR. JUSTICE BEAN delivered the opinion of the court.

The only question raised upon this appeal is in regard to the proof of ownership of the property alleged to have been stolen. It is the contention of counsel for defendant that the state failed to offer any evidence of title of the two calves alleged in the indictment to be the property of the Blitzen Valley Land Company, except by brand, and that no evidence

of the record of the brand was introduced. For this reason counsel for the defendant requested the court to direct a verdict of acquittal, and objected and excepted to instructions to the jury raising the same point.

1. The state's evidence tended to show that the calves in question were unbranded. It was sought upon the trial to identify them and prove ownership thereof by testimony tending to show the identification and title of the mothers of the calves. So far as the proof shows, the brand upon the cows was unrecorded. Section 5524, L. O. L., provides as follows:

" * * All brands shall be recorded in the county where owner resides, and in such other county where such animals usually range; and no evidence of ownership by brand shall be permitted in any court of this state on or after November 1, 1894, unless such brand shall be recorded as in this act provided."

Section 5528, L. O. L., is to the effect that where the title to any stock is involved, the duly recorded brand on the animal shall be *prima facie* evidence of ownership of the person owning such brand. The brand referred to not having been recorded as provided by the statute, there must be some other proof of ownership of the calves.

2. It was competent to introduce the evidence as to the brand for the purpose of identifying the cows, the mothers of the calves alleged to have been stolen, although such brand was unrecorded. Such evidence is admissible upon the same ground as earmarks, color marks, or other known peculiar features of identity: *State* v. *Hanna,* 35 Or. 195 (57 Pac. 629); 1 R. C. L., p. 1082—3. Section 297 of Underhill on Criminal Evidence states the following:

" * * Brands duly recorded according to law must usually be proved by a copy of the record to identify stolen animals. This is *prima facie* proof of the ownership of the animal bearing that brand. The statutes do not make brands and marks evidence of identity, for they are evidence aside from statute. The effect of the statutes is to render a certified copy of the record admissible in evidence. * * "

3. In the case at bar the evidence as to the brand of the cows was given, together with the color and description of the cows and calves, and, as we understand, for the purpose of identifying the animals and not for the purpose of establishing ownership. Omitting the other proof, the evidence touching upon the question of ownership of the animals was in part as follows: Tom Allen, general superintendent of the Blitzen Valley Land Company, in behalf of the state, testified:

"Q. What company's holdings did the Blitzen Valley Land Company buy and take over?

"A. The French Glenn Company.

"Q. Take over all of their holdings?

"A. Taking over the real property and all of the cattle that was left in this country, all of the cattle that wasn't shipped out.

"Q. And took over their irons, did they?

"A. Yes, sir.

"Q. What was the old French Glenn iron?

"A. FG among other irons.

"Q. FG was one of their irons?

"A. Yes, sir, and the iron that we are running at the present time.

"Q. And the Blitzen Valley Land Company now own the FG iron?

"A. Yes, sir.

"Q. And the FG stock?

"A. Yes, sir.

Charles Wade, also a witness for the state, referring to the cows in question and that they were mothers of the calves, testified in part as follows:

"Q. Whose cows were those two cows?

"A. They belonged to the Blitzen Valley Land & Cattle Company.

"Q. Whom did those calves belong to?

"A. I suppose they belonged to the same company.

"Q. The Blitzen Valley Land Company?

"A. Yes, sir." .

Romaldo Gove, who worked for the company, caring for the cattle, was asked the following questions in part:

"Q. Just describe the cows generally.

"A. There was a red, bald-faced cow and a red cow —might have had a few white marks on it, if she did.

"Q. Whose cows were those?

"A. Belonged to the Blitzen Valley Land Company."

There was evidence tending to show that the Blitzen Valley Land Company was and had been for a long time running cattle with an FG brand in Harney County; that it owned all the cattle on that range with the brand mentioned; that it was the custom to sell cattle with this brand only to be butchered or shipped out of the country; that a day or two before the cows and calves were missed a Mr. Dunn drove them in from another part of the range, a distance of about 12 miles, and left them near a pasture, on the outside, from which place they were driven by the defendant and an assistant. The testimony in regard to the ownership, outside of the proof of the brand, if believed by the jury, was amply sufficient to establish the title to the calves in the alleged owner.

4. In such a case, when the ownership of the property has been established by evidence other than the brand, a claim of title to the brand used is relevant in determining who placed it on the animals: 4 Am. & Eng. Ency. (2 ed.), 876. There was no error in deny ing the motion for a directed verdict of acquittal, or in giving the instruction to the effect that ownership of property may be shown by proof other than by a recorded brand. To state the law otherwise, our statute does not inhibit the introduction of proof of an unrecorded brand for the purpose of identifying an animal. In order to prove ownership of livestock a party may introduce proof of his brand which has been duly recorded, and make out a *prima facie* title to an animal having such a brand, without in the first instance offering any other evidence of ownership. On the other hand, where a brand has not been recorded, the party may introduce evidence of ownership other than the brand, and also proof of the unrecorded brand for the purpose of identification, in aid of the description, much the same as evidence of an unrecorded brand could have been introduced before the statute was passed making the brand on an animal *prima facie* proof of ownership.

We have examined the evidence and other record with the care which the importance of the case demands. Finding no error, the judgment of the lower court is affirmed. AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.