(July 1, 1920.)

## STATE, Respondent, v. W. J. GRIMMETT, Appellant.

[193 Pac. 380.]

CRIMINAL LAW — EVIDENCE OF UNRECORDED BRANDS — CONSTITUTIONAL LAW—POWER OF LEGISLATURE TO DECLARE WHAT SHALL BE PRIMA FACIE PROOF—ACCOMPLICE.

1. Parol evidence of an unrecorded brand upon an animal may be introduced for purposes of identification, but not for the purpose of proving ownership by brand.

2. The power of the legislature to enact that proof of a given fact shall be *prima facie* evidence of another fact is limited by the rule that there must be some rational connection between the fact proved and the ultimate fact presumed, and, in criminal cases, that the evidence shall not be deemed conclusive.

3. An instruction that failure to retain in one's possession for thirty days the hides taken off of any cattle slaughtered by him is *prima facie* evidence of the commission by such person of the crime of grand larceny as to the cattle so slaughtered is error, since it permits a conviction of the crime of grand larceny without any proof of the *corpus delicti*.

4. An accomplice is a person concerned in the commission of a crime, whether he directly participates in the commission of the act constituting the offense or aids and abets in its commission, or, not being present, has advised or encouraged its commission.

5. An accessory after the fact is not an accomplice in the commission of a crime.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Carl A. Davis, Presiding Judge.

From a conviction of the crime of grand larceny, defendant appeals. *Reversed and remanded.*

Ed. R. Coulter and Perky & Brinck, for Appellant.

There is a distinction between acts which may by statute be made *prima facie* evidence of certain facts and acts

3. For cases on question of proof of *corpus delicti* in larceny by circumstantial evidence, see note in 16 Ann. Cas. 1214.

which cannot be given such effect without denying a defendant the due process of law. (*Voght v. State,* 124 Ind. 358, 24 N. E. 680; *State v. Divine,* 98 N. C. 778, 48 S. E. 477; *People v. Cannon,* 139 N. Y. 32, 36 Am. St. 668, 34 N. E. 759.)

"As to the presumptions, of course the legislature may go a good way in raising one or changing the burden of proof, but there are limits. It is essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate." (*McFarland v. American Sugar Refining Co.,* 241 U. S. 79, 86, 36 Sup. Ct. 498, 60 L. ed. 899, see, also, Rose's U. S. Notes; *State v. Griffin,* 154 N. C. 611, 70 S. E. 292.)

The word "accomplice" includes all *particeps criminis,* whether they are considered in strict legal propriety as principals in the first or second degree or merely as accessories before or after the fact. (*Cross v. People,* 47 Ill. 152, 95 Am. Dec. 474; *In re Rowe,* 77 Fed. 161, 23 C. C. A. 103; *Polk v. State,* 36 Ark. 117; *Johnson v. State,* 58 Tex. Cr. 244, 125 S. W. 16; *Hudspeth v. State,* 50 Ark. 534, 9 S. W. 1; *Moynahan v. People,* 63 Colo. 433, 167 Pac. 1175; *Jones v. State,* 59 Tex. Cr. 559, 129 S. W. 1118; *Newton v. State,* 62 Tex. Cr. 622, 138 S. W. 708; *Stevens v. State,* 111 Ark. 299, 163 S. W. 778.)

T. A. Walters, Former Attorney General, R. L. Black, Attorney General, James L. Boone, Assistant, and Geo. Donart, Prosecuting Attorney, for Respondent.

The instruction as to disposal of hide was proper and the statute is constitutional. (*Logan & Bryan v. Postal Tel. & Cable Co.,* 157 Fed. 570; *In re Sing Lee,* 54 Fed. 334; *Robertson v. People,* 20 Colo. 279, 38 Pac. 326; *State v. Cunningham,* 25 Conn. 195; *State v. Beach,* 147 Ind. 74, 46 N. E. 145, 36 L. R. A. 179; *State v. Sheppard,* 64 Kan. 451, 67 Pac. 870; *Meeker v. Lehigh Valley R. Co.,* 236 U. S. 412, Ann. Cas. 1916B, 691, 35 Sup. Ct. 328, 59 L. ed 644, see,

also, Rose's U. S. Notes; *State v. Converse,* 40 Utah, 72, 119
Pac. 1030; *Luria v. United. States,* 231 U. S. 9, 34 Sup. Ct.
10, 58 L. ed. 101, see, also, Rose's U. S. Notes; *United
States v. Yee Fing,* 222 Fed. 154.)

An accessory after the fact is not an accomplice. (*State
v. Roberts,* 15 Or. 187, 13 Pac. 896; *State v. Grant,* 26 Ida.
189, 140 Pac. 959; *State v. Altwatter,* 29 Ida. 107, 157 Pac.
256; *State v. Edlund,* 81 Or. 614, 160 Pac. 534; *Levering
v. Commonwealth,* 132 Ky. 666, 136 Am. St. 192, 19 Ann.
Cas. 140, 117 S. W. 253; *People v. Collum,* 122 Cal. 186, 54
Pac. 589; *People v. Bunkers,* 2 Cal. App. 197, 84 Pac. 364,
370; *State v. Phillips,* 18 S. D. 1, 5 Ann. Cas. 760, 98 N. W.
171.)

"The phrase *'prima facie* evidence,' as used in the stat-
ute, is such evidence as in the judgment of the law is suffi-
cient to establish the unlawful intent, and if it be credited
by the jury, it is sufficient for that purpose, unless re-
butted or the contrary proved; yet it does not make it
obligatory on the jury. to convict after the presentation of
such proof, but such evidence is competent and sufficient to
justify a jury in finding the defendant guilty, provided it
does in effect satisfy them of his guilt beyond a reasonable
doubt." (*Sellers v. State,* 11 Okl. Cr. 588, 149 Pac. 1071;
*Commonwealth v. Kimball,* 24 Pick. (Mass.) 366; *Wilson v.
State,* 11 Okl. Cr. 510, 148 Pac. 823; *Caffee v. State,* 11
Okl. Cr. 485, 148 Pac. 680; *Griffin v. State,* 142 Ga. 636,
Ann. Cas. 1916C, 80, 83 S. E. 540, L. R. A. 1915C, 716.)

"There can be no serious doubt of the power of the legis-
lature to change the rules of evidence and to prescribe dif-
ferent rules in different classes of cases subject to well-
defined limitations. Laws which prescribe the evidential
force of certain facts by enacting that upon proof of such
facts a given presumption shall arise, or which determine
what facts shall constitute a *prima facie* case against the
accused casting the burden of proof upon him of disproving
or rebutting the presumption, are not generally regarded as
unconstitutional, even though they may destroy the pre-
sumption of innocence." (*State v. Barrett,* 138 N. C. 630, 50

S. E. 506, 1 L. R. A., N. S., 626; Wigmore, Ev., sec. 1354; *Faith v. State,* 32 Tex. 373; *State v. Kyle,* 14 Wash. 550, 551, 45 Pac. 147; *State v. Anderson,* 5 Wash. 350, 31 Pac. 969; *State v. Lawson,* 40 Wash. 455, 82 Pac. 750.)

RICE, J.—The appellant was convicted of the crime of grand larceny of a certain cow, and appeals from the judgment.

It is contended by appellant that the court erred in permitting evidence to be introduced relative to an unrecorded brand upon the cow.

C. S., sec. 1920, provides: "All brands, earmarks and eartags shall be recorded with the department of agriculture. No evidence of ownership of stock by brand, earmark or eartag shall be permitted in any court of this state unless the brand or earmark or eartag be recorded as provided in this article."

C. S., sec. 1927, provides: "In all suits at law or in equity, or in any criminal proceedings when the title or right of possession is involved, the brand, earmark or eartag of any animal shall be *prima facie* evidence that the animal belongs to the owner or owners of the brand, earmark or eartag, and that such owner is entitled to the possession of said animal at the time of the action: Provided, That such brand, earmark or eartag has been duly recorded as provided by law. Proof of the right of any person to use such brand, earmark or eartag shall be made by the copy of the record of same, certified to by the department of agriculture in accordance with the provisions of this article, or the original certificate issued to him by the department. Parol evidence shall be inadmissible to prove the ownership of a brand, earmark or eartag."

The evidence complained of was not introduced for the purpose of proving ownership by brand, but as a matter of identification. There is nothing in the statute to prevent the introduction of evidence of an unrecorded brand for such purposes. (*State v. Henderson,* 72 Or. 201, 143 Pac. 627.)

Formerly, the statute forbade the use of evidence of an unrecorded brand, earmark or eartag for purposes of identification. (R. C., sec. 1228.) But by the amendment contained in 1913 Sess. Laws, chap. 171, p. 543, the prohibition against the use of such evidence for purposes of identification was omitted from the section.

The respondent requested the court to instruct the jury as follows:

"You are instructed that if you find from the evidence that the defendant slaughtered the animal mentioned in the information, or caused or procured the same to be slaughtered, within three years preceding the date of filing the information in this case and failed to retain in his possession the hide taken off such animal, with the ears attached thereto, without any alterations of the marks on the same and without any disfiguration of the brand on the hide, for a period of thirty days after the animal was slaughtered or killed, but on the other hand did sell or dispose of the hide, or cause the same to be sold or disposed of within thirty days after the animal was slaughtered or killed, or did disfigure the brand on the slaughtered animal such act and omission on the part of the defendant is *prima facie* evidence of grand larceny."

The trial judge noted that this requested instruction was denied because the law was given in the words of the statute (C. S., sec. 1948), and instructed the jury as follows:

"Any person who at any time slaughters or kills any cattle must retain in his possession the hide taken off such cattle with the ears attached thereto without any alteration of the marks on the same, or any disfigurement of the brand, for the period of thirty days after such cattle have been slaughtered or killed. Proof of the failure of any person to comply with the foregoing provisions of this law shall be *prima facie* evidence of the commission, by the person so failing to comply therewith, of the crime of grand larceny as to the cattle so slaughtered or killed."

No exception was taken to the instruction as given, but having been given substantially as requested by the state,

we think it is deemed excepted to within the meaning of C. S., sec. 9012.

This instruction is attacked upon the ground that the law is unconstitutional.

In *State v. Dunn,* 13 Ida. 9, 88 Pac. 235, referring to the power of the legislature to enact laws governing the admission and effect of evidence in the courts, this language is used:

"The subject is one over which they [the legislature] have plenary power. They might declare that any particular class of evidence shall be inadmissible to establish any particular fact or issue. They may prescribe the modes of proof and the manner of making proof, and the effect such proof shall have in the courts."

The power of the legislature in this respect, however, is subject to certain limitations. One of the limitations is stated as follows in the case of *McFarland v. American Sugar Refining Co.,* 241 U. S. 79, 36 Sup. Ct. 498, 60 L. ed. 899, see, also, Rose's U. S. Notes:

"It is essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate." (See, also, *Mobile J. & K. C. R. Co. v. Turnipseed,* 219 U. S. 35, Ann. Cas. 1912A, 463, 31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A., N. S., 226, see, also, Rose's U. S. Notes.)

A case often cited is *Commonwealth v. Williams,* 6 Gray (Mass.), 1. The principle underlying this case is expounded in *In re Opinion of Justices,* 208 Mass. 619, 94 N. E. 1044, 34 L. R. A., N. S., 771, as follows:

"There are many statutes in which the legislature has enacted that the existence of a fact which ordinarily created a strong probability of the commission of an offense shall be *prima facie* evidence of guilt, and such statutes have been held constitutional." (See *People v. Cannon,* 139 N. Y. 32, 36 Am. St. 668, 34 N. E. 759; *United States v. Yee Fing,* 222 Fed. 154; *Robertson v. People,* 20 Colo. 279,

38 Pac. 326; *Luria v. United States,* 231 U. S. 9, 34 Sup.
Ct. 10, 58 L. ed. 101; *Meeker v. Lehigh Valley R. Co.,* 236
U. S. 412, Ann. Cas. 1916B, 691, and note, 35 Sup. Ct. 328,
59 L. ed. 644, see, also, Rose's U. S. Notes.)

So long as the evidence is of itself material and relevant,
the statute may make it *prima facie* proof of the ultimate
fact which it tends to establish, and may thus shift the
burden of evidence. Where, however, there is no connec-
tion or rational relationship between the fact proved and
the ultimate fact to be presumed, such a statute shifts the
burden of proof, and in a criminal case deprives the defend-
ant of the protection of his constitutional guaranties.

In the case of *State v. Griffin,* 154 N. C. 611, 70 S. E.
292, it is said:

"It is a part of the organic law of this state that there
shall be no imprisonment for debt except in case of fraud.
The bald fact that a person contracted a debt and promised
to pay it in work, standing alone, does not justify a pre-
sumption of fraud in contracting the original debt, any
more than it would if he had promised to pay it in money.
It is beyond the power of the legislature to create such a
rule of evidence and enforce it in the state's own courts.
It is but an arbitrary mandate, there being no rational con-
nection, tending to prove fraud, between the fact proved
and the ultimate fact presumed. Such an arbitrary rule
of evidence takes away from the defendant his constitu-
tional rights and interferes with his guaranteed equality
before the law; and, as the supreme court of the United
States says, 'violates those fundamental rights and immu-
table principles of justice which are embraced within the
conception of due process of law.' (*Bailey v. Alabama,* 219
U. S. 219, 31 Sup. Ct. 145, 55 L. ed. 191, see, also, Rose's
U. S. Notes.) Mr. Justice Hughes, who delivered the opin-
ion of the court, further says: 'It is apparent that a con-
stitutional prohibition cannot be transgressed indirectly by
the creation of a statutory presumption any more than it
can be violated by direct enactment. The power to create

presumptions is not a means of escape from the constitutional restrictions.' ''

The act of a person in disposing of the hide of an animal within thirty days after it has been slaughtered by him is an act innocent in itself, except as made otherwise by statute. It may be necessary in the face of a falling market in order to prevent financial loss. It does not tend to prove that the animal slaughtered belonged to someone else, or that it had been stolen. If the statute had referred only to alteration of the brands upon the hide, or the defacement of other marks thereon, possibly there might have been some connection between the act and the fact to be presumed. But the statute goes further, and declares that the mere fact of failing to retain possession of a hide from a slaughtered animal for thirty days is *prima facie* proof of grand larceny. Under this statute one could be convicted without any evidence that any cattle of any description had been stolen from any person. The instruction, if followed by the jury, relieved the state from the necessity of offering any evidence of the *corpus delicti.* It deprived the defendant of the benefit of any presumption of innocence, and required him to take the burden, not only of proving his own innocence, but perhaps of proving that the crime had not been committed.

The court properly instructed the jury in the language of C. S., sec. 8957, as follows:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof.

In the present case the only evidence of the taking of the cow and the mutilation of the brand thereon, the killing of the animal and the disposal of the carcass, is found in the testimony of witnesses Elam and Faust. Elam is an admitted accomplice. Under the circumstances of this case

the court properly submitted to the jury the question of whether or not Faust was an accomplice. There is corroboration as to the disposal and sale of a cowhide to witness Hetrick the day after it is alleged the animal was killed by appellant, but there was no identification of the hide sold as that of the cow alleged to have been stolen except by the witness Elam. If Faust was an accomplice, there was no competent evidence of the felonious taking of the animal by appellant, or tending to connect him with the commission of the offense, except as to the mere fact of the disposal of a fresh cowhide which was unidentified by competent evidence. The jury could have found that Faust was an accomplice and yet, relying upon and being misdirected by the instruction complained of, could have found appellant guilty.

The giving of the instruction was error.

Since the cause must be remanded for a new trial, we will refer to one other assignment of error.

It is claimed that the court erred in giving the following instruction:

"A principal in the commission of a crime, or an accessory before the fact, would be an accomplice, but an accessory after the fact would not be considered an accomplice. Therefore, the testimony of an accessory after the fact would not need to be corroborated, to justify a conviction, and could be considered as corroborating the testimony of an accomplice."

In this connection it is claimed that the court erred in refusing to give the following instructions requested by appellant:

"You are instructed that an accomplice means anyone connected with the commission of a crime, either as principal offender or any accessory. It includes all persons who are connected with the crime or unlawful act or omission on their part transpiring on or before, at the time of, or after the commission of the crime."

"An accomplice, as the term is used in our statutes and as meant in these instructions, is one who, at any state of

the criminal enterprise, participated in any degree in its commission under such circumstances as warrant the conclusion that the acts under consideration were knowingly done in aid of an unlawful enterprise."

The latter instruction was modified somewhat and given by the court.

The action of the court complained of was not erroneous.

There is no statutory definition of an accomplice in this state. In *People v. Coffey*, 161 Cal. 433, 119 Pac. 901, 39 L. R. A., N. S., 704, accomplices are defined as follows:

"All persons concerned in the commission of a crime, whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission."

In *State v. Edlund*, 81 Or. 614, 160 Pac. 534, the following definition is given:

"An accomplice is a responsible person whose wilful participation in the commission of a crime, when that fact is established by competent evidence in a court of requisite jurisdiction, renders him liable to a conviction of the offense."

An accessory after the fact is not an accomplice. He does not become connected with the crime until after its commission. (*State v. Slothawer*, 56 Mont. 230, 182 Pac. 270; *State v. Cartwright* (Iowa), 174 N. W. 586.)

The judgment is reversed and a new trial ordered.

Morgan, C. J., concurs.

BUDGE, J., Concurring in Part and Dissenting in Part. As to all points covered in the majority opinion and not hereinafter dissented from, I concur.

From the record it appears that on the 9th of October, 1916, appellant and one Elam went to a field located on or near a stream known as Jenkins Creek and drove therefrom a cow alleged to belong to Williams and Groom, partners. They took the cow to appellant's ranch and kept her there until the 11th of October, 1916, at which time she was

killed by Grimmett in the presence of Elam and one Faust. Elam testified that the brand on the cow, a figure "4," was disfigured by appellant with a hot iron. Faust did not see Grimmett apply the hot iron to the brand, but when he got into a position where he could see the animal the hide was still smoking. Thereupon Grimmett, Elam and Faust removed the hide and cut up the carcass. The next day Elam and Faust, at Grimmett's request, took the hide and three-quarters of the animal to Weiser, placed the same in cold storage and sold the hide to one Hetrick, who, at Faust's request, wrote his check payable to Grimmett for the amount that he paid for the hide. The hide was identified by the owners of the animal and other witnesses as the one taken from the cow owned by Williams and Groom, which Elam had testified was driven by Grimmett and himself from the Jenkins Creek field.

Faust testified that the cow was branded with the figure "4" on the left hip; on the evening of October 11th, at Grimmett's request he helped butcher her; he and Elam took three-quarters of the meat to town, put it in cold storage, and sold the hide to Hetrick.

Grimmett's testimony upon examination was of a very unsatisfactory character.

I am unable to concur with the conclusion reached in the majority opinion that the instruction given on the court's own motion is substantially as requested by the state, nor with the holding that it is deemed excepted to within the meaning of C. S., sec. 9012. The rule is that instructions given on the court's own motion are not deemed excepted to, but as to them, exceptions must be expressly saved in the record. (*People v. Walter*, 1 Ida. 386; *People v. Biles*, 2 Ida. 114, 6 Pac. 120; *People v. O'Callaghan*, 2 Ida. 156, 9 Pac. 414; *State v. Suttles*, 13 Ida. 88, 88 Pac. 238; *State v. Peck*, 14 Ida. 712, 95 Pac. 515; *People v. Hart*, 44 Cal. 598.) The instruction which the state requested was refused, and the only party who can complain as to it is the state. The instruction was not given, and appellant took no exception to the instruction which was given. If the

rule is a harsh one, the remedy lies with the legislature and not with this court.

The majority opinion holds that C. S., sec. 1948, in the language of which the court's instruction on its own motion was given, is unconstitutional, apparently on the ground that the evidence which it seeks to make *prima facie* proof of larceny, is not material and relevant, and further on the ground that .

"Under this statute one could be convicted without any evidence that any cattle of any description had been stolen from any person. The instruction, if followed by the jury, relieved the state from the necessity of offering any evidence whatever of the *corpus delicti.*"

To my mind no such interpretation of the statute is possible. The statute does not say that the failure to retain the hide for thirty days after butchering an animal shall constitute grand larceny. It leaves the crime of grand larceny precisely as heretofore defined by our statutes, and it simply makes this fact *prima facie* evidence that the one so failing to retain the hide is guilty of grand larceny as to the cattle so slaughtered or killed.

In other words, where the state has properly charged the defendant with the crime of grand larceny and by competent evidence established the fact that an animal has been stolen, that the hide from the animal has been traced to the possession of the defendant, that the defendant has failed to retain the hide in his possession for a period of thirty days after the animal proven to have been stolen was slaughtered, the failure of the defendant to so retain the hide in his possession is *prima facie* evidence of the commission by the defendant of the crime of grand larceny, and shifts upon him the burden of evidence to explain the possession. The statute does not deprive the defendant of any constitutional right. He is only required, the facts being peculiarly within his own knowledge, to explain the possession of the hide taken from the animal proved to have been stolen. It is unnecessary to interpret the statute to mean that the failure to retain a hide for thirty days would be sufficient evidence upon

which to support a conviction of grand larceny in the absence of proof of the actual theft of the animal from which the hide was taken.

It is the imperative duty of this court to adopt the well-known rule of construction that if a statute is upon one construction in conflict with the constitution and upon another is not, the latter construction, if a fairly possible one, should be adopted, even though it seems the less natural meaning of the terms employed. (*In re Sing Lee,* 54 Fed 334, 337.)

Moreover, as was held in the case of *Hindman v. Oregon Short Line R. R. Co.,* 32 Ida. 133, 178 Pac. 837, it is an elementary principle of statutory construction that where a statute is capable of two interpretations, the one constitutional and the other unconstitutional, the court should adopt the construction which would uphold the validity of the act, for the reason that it is not to be presumed that the legislature was attempting to enact an unconstitutional law, but, on the other hand, the presumption should always obtain that the legislature was seeking to enact a law which would be constitutional, valid and enforceable.

The statute involved was passed expressly for the purpose of prohibiting the destruction of evidence of the theft of cattle, and can in no way be so construed as to result in injury to the rightful owners of animals slaughtered. The applicability of the statute involved can under no circumstances arise in the absence of a theft of cattle and proof of such theft.

This statute in nowise relieves the state of the burden which rests upon it to state in the information or indictment every essential element necessary to constitute the crime of grand larceny in order to state an offense under the laws of this state. Grand larceny is, and can be committed only, of property that belongs to someone. In order to establish either by pleading or proof the crime of grand larceny, it must appear that the property belonged to some particular person; that it was taken from him without his consent and against his will, and with a felonious intent to steal it

and deprive the owner permanently of its use. The instructions of the court fairly and fully cover this point, and when read in connection with the other instructions given, the instruction complained of is neither misleading nor an incorrect statement of the law. It is elementary that no one instruction states all the law of the case, but that all of the instructions must be considered together, and when taken as a whole they state the law by which the jury is to be governed in its application to the facts of the case, and the court so instructed the jury. The court gave the following instruction:

"The material allegations of the information are: That the defendant took the animal described, in the information with the felonious intent to deprive the owner of said animal; that is, the taking must have been wrongful and without right and without excuse, and with the intent of permanently depriving the owner of his property.

"2. That at the time of such taking said animal was the property of S. K. Williams and Willis Groom.

"3. That said property was taken in Washington county, state of Idaho, at or about the time set forth in the information."

The statute in question does not even purport, from any rational interpretation that can be made of it, to change or alter the material facts which constitute the crime of grand larceny. The *corpus delicti* must be proved, and while the identification of the hide in a particular case might be necessary in order to establish the identity of the animal owned by someone from whom it had been stolen, the fact that it had not been kept for thirty days as required by this statute does not establish the crime of grand larceny, but merely establishes a *prima facie* case that the person who butchered the animal and destroyed the hide was guilty of the crime of grand larceny otherwise established by the evidence. It does not deprive a defendant of any constitutional right to prevent him from destroying the evidence of crime. An attempt to destroy the evidence of a crime which has been actually committed is some evidence that the one so destroy-

ing it was connected with the commission of the crime, and would be and is relevant and material upon this point independent of the existence of this statute. The statute does no more than to prescribe what weight shall be given to such evidence.

Viewed in this light, the statute in question does no violence to any constitutional right of the defendant, and is well within the constitutional authority to pass laws and prescribe rules of evidence vested in the legislature. (*State v. Adams,* 22 Ida. 485, 126 Pac. 401; *In re Sing Lee, supra; Logan and Bryan v. Postal Tel. & Cable Co.,* 157 Fed. 570; *Ng Choy Fong v. United States,* 245 Fed. 305, 157 C. C. A. 497; *State v. Beach,* 147 Ind. 74, 46 N. E. 145, 36 L. R. A. 179; *Griffin v. State,* 142 Ga. 636, Ann. Cas. 1916C, 80, 83 S. E. 540, L. R. A. 1915C, 716, and note; *People v. Johnson,* 288 Ill. 442, 123 N. E. 543, 4 A. L. R. 1535, and note; *State v. Cunningham,* 25 Conn. 195; *Faith v. State,* 32 Tex. 373; *Robertson v. People,* 20 Colo. 279, 38 Pac. 326; *Baltimore & O. S. W. R. R. Co. v. Tripp,* 175 Ill. 251, 51 N. E. 833; *Commonwealth v. Minor,* 88 Ky. 422, 11 S. W. 472; *Learned & Koontz v. Texas & P. Ry. Co.,* 128 La. 430, 54 So. 931; *Ex parte Woodward,* 181 Ala. 97, 61 So. 295; *Dees v. State,* 16 Ala. App. 97, 75 So. 645; 6 R. C. L. 465, sec. 461; *Caffee v. State,* 11 Okl. Cr. 485, 148 Pac. 680.)

There is no such thing as larceny until some particular property owned by some particular individual has been feloniously taken from him, and this statute does not seek to alter that situation. To my mind there is no reasonable justification for the statement above quoted from the majority opinion that one could be convicted without any evidence that any cattle of any description had been stolen from any person, nor that the instruction, if followed, would relieve the state from the burden of proving the *corpus delicti.*

Nor am I in accord with the statement in the majority opinion that "the jury could have found that Faust was an accomplice, and yet, relying upon and being misdirected by the instruction complained of, could have found appellant guilty." No such situation could result, because the court

instructed the jury they could not convict upon the uncorroborated testimony of an accomplice, and that the testimony of one accomplice could not be treated as corroborative of another accomplice to the extent of satisfying the requirements of the statute. To my mind the verdict of guilty is conclusive proof that the jury found Faust was not an accomplice, because if the jury had found Faust was an accomplice, there would have been no occasion for an application of the instruction complained of, for in that event there would have been no corroboration of the theft by appellant or the disfiguring of the brand or possession or disposal of the hide.

There is sufficient evidence in the record to prove the *corpus delicti* independent of the testimony of Elam or Faust. The evidence shows that Williams and Groom owned the cow; they never disposed of her, nor authorized anyone to dispose of her, and it shows the hide which was introduced as an exhibit came off this cow, which is sufficient to show she was stolen and butchered by somebody without any lawful authority, and establishes the *corpus delicti*. In my opinion, the judgment should be affirmed.


(November 17, 1920.)

ON REHEARING.

RICE, J.—Counsel for respondent have insisted that the instruction given in the words of the statute and held error in the former opinion is so dissimilar to the instruction requested by the state, quoted in the opinion, that the court was wrong in holding that the instruction given was substantially the same as that requested.

We have given this matter serious consideration. The instruction requested by the state made no reference to the necessity of the state proving a felonious taking, which is one of the essential elements of the crime. The state requested the court to instruct the jury that if they should find that the defendant slaughtered the animal mentioned in

the information, and then failed to conform to the requirements of C. S., sec. 1948, his failure so to conform to the statute was *prima facié* evidence of grand larceny. The instruction actually given was substantially the same, except that it was given in general terms without making special reference to the animal mentioned in the information. But the requested instruction was based upon the statute. If the statute is invalid, it is defective, and does not state the law. The matters which the state requested the court to instruct the jury would be *prima facie* evidence of grand larceny are the same as those mentioned in the statute and contained in the instruction given. The instruction requested is subject to the same objection as the instruction given, since without proof of the larceny of the animal, that is to say, if it is slaughtered with the consent or at the request of the owner, the sale of the hide within thirty days is innocent in itself and does not tend to prove that the animal was stolen.

We are constrained to hold, therefore, that in substance the instruction given is the same as that requested by the state, and that it was correctly held to be deemed excepted to.

It was also urged with earnestness that the court erred in declaring that C. S., sec. 1948, is unconstitutional, and that the instruction based thereon is erroneous. Art. 1, sec. 13, of the constitution declares that no person shall be deprived of his life, liberty or property without due process of law. As applied to a criminal prosecution, due process of law requires that a defendant, after a plea of not guilty, shall not be put upon his defense or deprived of his liberty until the state has produced evidence tending to prove that the crime charged has been committed and tending to connect the defendant with the commission thereof. "The presumption of innocence is an absolute protection against conviction and punishment, except either (1) on confession in open court, or (2) on proof which places guilt beyond a reasonable doubt." (Cooley's Const. Limitations, 7th ed., p. 439.) The legislature may not enact directly that a defendant shall be deprived of the presumption of his inno-

Opinion of the Court—Rice, J., on Rehearing.

cence and required to assume the burden of proving that a crime has not been committed, or that he was not connected therewith. The legislature cannot indirectly accomplish the same result by enacting that proof of a fact which has no rational tendency to prove that the defendant is guilty of committing a certain crime shall be *prima facie* evidence thereof, and thus in effect require him to assume the burden of proving his innocence. Counsel cite 2 Wigmore on Evidence, p. 1670, sec. 1354; *State v. Barrett,* 138 N. C. 630, 50 S. E. 506, 1 L. R. A., N. S., 626, and *Caffee v. State,* 11 Okl. Cr. 485, 148 Pac. 680, as authority for the proposition that the courts may not impose upon the legislature the restriction that statutory rules of presumption are invalid if they fail to meet a standard of judicial rationality. "Apart from the constitution," says Wigmore, "the legislature is not obliged to obey either the axioms of rational evidence or the axioms of economic science." We have considered the rule with relation to one phase of a criminal prosecution, but we think the due process provision of the constitution, whenever applicable, is a limitation upon the power of the legislature in the enactment of statutory rules of evidence. (See *Bailey v. Alabama,* 219 U. S. 219, 31 Sup. Ct. 145, 55 L. ed. 191, see, also, Rose's U. S. Notes.)

We have concluded to adhere to the conclusion reached in the former opinion.

Morgan, C. J., concurs.

Budge, J., adheres to his views heretofore expressed.