(October 20, 1922.)

STATE, Respondent, v. FRANK V. MILLER, Appellant.

[209 Pac. 892.]

MOTION FOR NEW TRIAL—EXCEPTION—BILL OF EXCEPTIONS—INSTRUCTIONS—PRIMA FACIE EVIDENCE.

1. Where an exception is not taken and saved at the time an order overruling a motion for a new trial is made, or if the objection to the order is not properly presented in the record by bill of exceptions, the objections are waived, and will not be considered on appeal.

2. Instruction as to *prima facie* evidence *held* erroneous.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

From a conviction of the crime of grand larceny, defendant appeals. *Reversed.*

William Edens, for Appellant.

Sec. 1948, C. S., having been held, unconstitutional and void in the case of *State v. Grimmett,* 33 Ida. 203, 193 Pac. 380, is ground alone for the reversal of the judgment.

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

Where a statute is capable of two interpretations, one constitutional and the other unconstitutional, the court should adopt the construction which will uphold the validity of the

act. (*State v. Grimmett,* 33 Ida. 203, 193 Pac. 380 (dissenting opinion); *Hindman v. Oregon S. L.,* 32 Ida. 133, 178 Pac. 837.)

The legislature may · pass laws prescribing rules of evidence. (*State v. Grimmett, supra.*)

A bill of exceptions is the only record on appeal from an order overruling motion for new trial. (C. S., secs. 9008, 9010, 9013, 9077; *State v. Smith,* 5 Ida. 291, 48 Pac. 1060; *State v. Larkins,* 5 Ida. 200, 47 Pac. 945; *State v. Dupuis,* 7 Ida. 614, 65 Pac. 65; *State v. McGuire,* 31 Ida. 24, 169 Pac. 175; *State v. Park,* 31 Ida. 694, 175 Pac. 813; *State v. Ray,* 32 Ida. 363, 182 Pac. 857; *State v. Mushrow,* 32 Ida. 562, 185 Pac. 1075; *State v. Subisaretta,* 33 Ida. 473, 195 Pac. 625.)

DUNN, J.—Appellant was informed against by the prosecuting attorney of Bannock county for the larceny of a steer. He was tried, convicted and sentenced to the penitentiary. He moved for a new trial, which was denied, and he has appealed from the judgment and also from the order denying a new trial.

Among the errors assigned are certain instructions alleged to be erroneous, the insufficiency of the evidence to justify the verdict, and the denial of the motion for a new trial. The order denying a new trial is not before us, for the reason that appellant's exception to said order, if one was taken, has not been preserved and settled in a bill of exceptions as required by C. S., secs. 9008 and 9010. (*State v. Subisaretta,* 33 Ida. 473, 195 Pac. 625, and a long line of other decisions of this court.)

An examination of the record shows that the objection to the insufficiency of the evidence to sustain the verdict is not well taken.

Among the instructions given by the trial judge was C. S., sec. 1948. This section has been held by this court to be unconstitutional. (*State v. Grimmett,* 33 Ida. 203, 193 Pac. 380.) The trial court in other instructions did not cure the

error of giving this section as an instruction and for this reason the judgment must be reversed. It is so ordered.

Rice, C. J., and McCarthy and Lee, JJ., concur.

BUDGE, J., Dissenting.—I dissent from that part of the foregoing opinion wherein it is held that C. S., sec. 1948, is unconstitutional. My views so far as that question is concerned will be found in the dissenting opinion in the case of *State v. Grimmett,* 33 Ida. 203, at 212, 193 Pac. 380, at 383. Since my associates have all agreed to the opinion as above written, no useful purpose could be served by a further discussion of the other questions there considered and decided.