(April 24, 1917.)

## STATE, Respondent, v. CLYDE SMITH, Appellant.

### [164 Pac. 519.]

GRAND LARCENY—ACCOMPLICE—CORROBORATION—SUFFICIENCY OF—SEPA-
RATE TRIAL — INSTRUCTIONS — SUFFICIENCY OF — CHALLENGE INDI-
VIDUAL JUROR—EVIDENCE.

1. A conviction cannot be sustained on the uncorroborated testi-
mony of an accomplice; but it is not necessary that the testimony of
the accomplice be corroborated in every detail,—all that is required
is, that there be corroborating evidence upon some material fact or
circumstance, which, in itself, and without the aid of the testimony
of the accomplice, tends to connect the accused with the commission
of the offense.

2. The law clearly contemplates that some weight should be given
to the testimony of an accomplice, and when the requirements of the
law as to corroboration have been met, such testimony may become
of the utmost importance in securing a just enforcement of the law.

3. Under section 7860, Rev. Codes, as amended by ch. 112, Sess.
Laws 1911, p. 368, the granting or refusal of a separate trial rests
in the sound discretion of the trial court.

4. Where counsel for accused, at the time of the giving of an
instruction, states that it is satisfactory, he cannot on appeal from
an adverse decision complain of the conduct of the trial court.

5. Where accused is represented by counsel during the trial, and
exercises the right to challenge jurors, the neglect of the trial court
to inform him that if he intends to challenge an individual juror

he must do so before the jury is sworn, will not be regarded as prejudicial error.

6. The evidence in this case examined and *held* sufficient to sustain a conviction.

7. Instruction No. 11 examined and found not to be prejudicial to the appellant.

[As to convicting on the testimony of an accomplice, see notes in 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. 158.]

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Ed. L. Bryan, Judge.

Appellant was convicted of the crime of grand larceny, and appealed from the judgment and order overruling a motion for a new trial. *Affirmed.*

Frank Harris, P. E. Cavaney and Freehafer & Stinson, for Appellant.

The identity of the cattle in the case at bar must be established. (*Newton v. State* (Tex. Cr.), 48 S. W. 507; *Hilligas v. State*, 55 Neb. 586, 75 N. W. 1110; *Shelby v. State* (Tex. Cr.), 42 S. W. 306.)

Where evidence establishes similarity merely and there is no other evidence of identification, conviction cannot be supported. (*Bishop v. People*, 194 Ill. 365, 62 N. E. 785; *Bishop v. State* (Tex. Cr.), 25 S. W. 25; *Beach v. State* (Tex. App.), 11 S. W. 832.)

Possession by the defendant of the same number of cattle as was stolen is not sufficient to justify conviction. (*Harris v. State*, 13 Tex. App. 309; *Smith v. State*, 44 Tex. Cr. 81, 68 S. W. 510; *Horn v. State*, 30 Tex. App. 541, 17 S. W. 1094.)

Testimony of accomplice must be corroborated by other testimony which in itself and standing alone tends to connect defendant with the commission of the offense. (*People v. Koening*, 99 Cal. 574, 34 Pac. 238; *People v. Ames*, 39 Cal. 403; *People v. Thompson*, 50 Cal. 480; *Coleman v. State*, 44 Tex. 109, 111; *State v. Grant*, 26 Ida. 189, 140 Pac. 959; *State v. Rooke*, 10 Ida. 388, 79 Pac. 82; *Middleton v. State*, 52 Ga. 527.)

An accomplice must be corroborated as to the *corpus delicti.* (*Smith v. State,* 10 Wyo. 157, 67 Pac. 977; *State v. Williams,* 46 Or. 287, 80 Pac. 655; *State v. Koplan,* 167 Mo. 298, 66 S. W. 967; *State v. Stevenson,* 26 Mont. 332, 67 Pac. 1001; *Bines v. State,* 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33.)

Evidence obtained from the testimony of an accomplice is now universally looked upon as coming from a polluted source and received only from necessity and policy. (*United States v. Lancaster,* 2 McLean, 431, 26 Fed. Cas. No. 15,556; *United States v. Henry,* 4 Wash. (C. C.) 428, Fed. Cas. No. 15,351; *United States v. Smith,* 2 Bond, 323, 27 Fed. Cas. No. 16,322; 1 Enc. Ev. 98, and cases cited.)

Legal corroboration, when applied to an accomplice, consists of independent evidence tending to support his testimony. (*People v. Elliott,* 44 Hun, 623, 5 N. Y. Crim. Rep. 204, 8 N. Y. St. Rep. 223; 1 Enc. Ev. 103; *Johnson v. State,* 4 G. Greene (Iowa), 65; *State v. Williamson,* 42 Conn. 261; *Powers v. Commonwealth,* 110 Ky. 386, 61 S. W. 735, 63 S. W. 976, 53 L. R. A. 245.)

Refusing to grant separate trials was clearly an abuse of the court's discretion. (*Davis v. People,* 22 Colo. 1, 43 Pac. 122; *Commonwealth v. James,* 99 Mass. 438.)

The giving of instruction No. 11 tended to confuse the jury. This instruction was criticised in *State v. Wright,* 12 Ida. 212, 85 Pac. 493, and in *State v. Janks,* 26 Ida. 567, 144 Pac. 779. This instruction also assumed a statement of facts to have been proved, which were not. (*State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098; *State v. Eubank,* 33 Wash. 293, 74 Pac. 378.)

T. A. Walters, Atty. Gen., J. Ward Arney and A. C. Hindman, Assts., and L. L. Burtenshaw, Pros. Atty., for Respondent.

The granting or refusing of new trials lies in the sound discretion of the trial court. (*State v. Driskell,* 12 Ida. 245, 247, 85 Pac. 499.)

The record discloses that the testimony of the accomplice in this case was corroborated by other testimony which, standing

alone, connected the defendant with the commission of the crime. (*State v. Knudtson,* 11 Ida. 524, 83 Pac. 226.)

Instruction No. 11 is a correct statement of the law, and was approved in *State v. Wright,* 12 Ida. 212, 85 Pac. 493.

BUDGE, C. J.—The appellant and one Logan were charged jointly, on information by the prosecuting attorney of Adams county, with the crime of grand larceny. The charging part of the information is as follows:

"That on or about the 15th day of May, 1914, and at Adams County, State of Idaho, the said defendants, Clyde Smith and Lloyd Logan, being then and there, did, there and then, wilfully, unlawfully and feloniously steal, take, carry, lead and drive away from the possession of one Ben Woodden ten head of fat beef cattle branded with a "W" on the right hip, the same then and there being the personal property of the said Ben Woodden, with the intent then and there to convert the said cattle to their own use."

The defendants pleaded "not guilty" and the cause was tried before the court with a jury. The jury returned a verdict acquitting Logan and finding the appellant guilty as charged in the information. The appellant was sentenced to serve a term of imprisonment in the state penitentiary of not less than one nor more than fourteen years. Thereafter a statement and motion for a new trial were presented and overruled, to which action of the trial court appellant duly excepted.

This is an appeal from the judgment and from the order overruling appellant's motion for a new trial. Appellant assigns and relies upon forty-five separate assignments of error. It will be unnecessary in this opinion to discuss in detail or separately all of the assignments of error.

The assignment of error principally relied upon by counsel is directed against the sufficiency of the evidence introduced upon the trial to corroborate the testimony of the witness Miller, an accomplice. From an examination of the instructions touching the necessity for corroboration in order to warrant a conviction, and the extent to which corroboration is

necessary, it appears that the law is fully and sufficiently elucidated therein. It is not necessary that the testimony of an accomplice be corroborated in every detail—all that is required is that there be corroborating evidence upon some material fact or circumstance which in itself, and without the aid of the testimony of the accomplice, tends to connect the accused with the commission of the offense. (*State v. Knudtson,* 11 Ida. 524, 83 Pac. 226; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *State v. Grant,* 26 Ida. 189, 140 Pac. 959.)

In this case the evidence, independent of any testimony given by the accomplice Miller, conclusively shows: That the cattle in question were the property of and in the possession of Ben Woodden, the owner, on the 15th day of May, 1914, near his residence; that during Woodden's absence for an hour or two on said day, the cattle disappeared; that there were horses' tracks found immediately behind the cattle and following them; that on the same day appellant was seen in possession of the cattle by one Stiles, near his residence, a distance of two or three miles from Woodden's home; that on the night of the 15th of May, 1914, the appellant and Miller stayed at Stiles' place, and permitted the cattle to range within a short distance of his home; that in a conversation with Stiles the appellant told him, among other things, that he was riding after cattle for a couple of men in Boise and that Miller, the accomplice, who was with him at the time, was a new man at the business and had only been on a couple of days; that on the following morning the appellant and Miller rode south in the direction that the cattle were left the night previous; that one Wing, a sheepman, was nearby and he and the witness Stiles walked in the direction of the cattle together; that Wing's dog turned the cattle, and just about that time the appellant came up to Stiles and Wing and cursed them and accused them of dogging the cattle; and that upon the evening prior they came from the direction of the bridge across Little Fork, up above Woodden's ranch, or north of Stiles' home, and on the morning of the 16th they drove the cattle south of Woodden's and Stiles' homes, being in the opposite direction from the Wood-

den ranch; that on the 24th day of May the cattle were found near Logan's ranch, some fourteen miles from Woodden's ranch, and driven to Indian Valley, where some of them were later identified, while they were confined in the lot back of the Mercantile Store; that the appellant was in the possession of the cattle, with the accomplice Miller, not only on the night of the 15th and on the morning of the 16th, but that they were also in possession of the cattle when they arrived at Logan's place, and during the time that the cattle were held in that vicinity, near Logan's home, up to about the 24th of May, 1914. These facts are not only sufficient corroboration of the accomplice's testimony, but when considered in connection with all of the circumstances were amply sufficient to justify the jury in finding the appellant guilty as charged.

In the case of *People v. Melvane,* 39 Cal. 614, that court, having under consideration a statute identical with ours, says:

"The corroborating evidence may be slight, and entitled to but little consideration; nevertheless, the requirements of the statute are fulfilled if there be any corroborating evidence which, of itself, tends to connect the accused with the commission of the offense."

The law clearly contemplates that some weight should be given to the testimony of an accomplice, if this were not true the law should preclude its admission altogether. The legislature has sought to safeguard the rights of persons accused of crime by providing that the testimony of an accomplice is not sufficient to sustain a conviction except where there is other evidence tending to connect the person accused with the commission of the offense. When such evidence has been supplied the testimony of the accomplice may become of the utmost importance in securing a just enforcement of the law. It is unusual that a person engaged in the commission of a crime will consent to become a witness for the state to the material facts of the crime. Whenever such person does so consent, if his testimony is in itself reasonable and credible and if it is corroborated by other evidence as to the material features of the narration, such testimony may become of the

most important and satisfactory character. Of course, as in every other criminal charge, the crime must be proven as laid in the information.

It is suggested by appellant that when the cattle were taken he and the accomplice did not intend to steal them, but intended only to take them and hold them for the purpose of procuring a reward for their return. The intent with which the cattle were taken was one of the material questions which was properly submitted to the jury, under all of the evidence, for their determination. Where a particular motive for the crime is alleged in the information and the evidence justifies the jury in finding that such motive did really exist, it is immaterial whether the accused had additional motives. It is sufficient to warrant a conviction if the motive which is alleged in the information is proven. From the evidence the jury were clearly justified in finding that the appellant committed the crime charged in the information. namely, the larceny of the cattle; therefore, whatever other motives he may have had would be wholly immaterial.

Appellant assigns as error the refusal of the trial court to grant him a separate trial. This, however, was in the sound discretion of the trial court. (Section 7860, Rev. Codes, as amended by ch. 112, Sess. Laws 1911.) We do not think the trial court erred in refusing to grant a separate trial in this case. (*State v. Allen,* 23 Ida. 772–778, 131 Pac. 1112.)

Counsel for appellant strenuously insists that the trial court should have submitted the codefendant's case to the jury on an advisory instruction to acquit, at the close of the state's case, in order that Logan might have been acquitted before becoming a witness for appellant, and seeks to predicate prejudicial error on the failure of the trial court to pursue such a course. It appears from the record that at the close of the state's case counsel for appellant moved the court for an advisory instruction to acquit the defendant Logan and appellant. The court sustained the motion as to the defendant Logan, and overruled said motion as to appellant. The court asked appellant's attorney to prepare the instruction, whereupon counsel stated:

"I think the court can put it in as good language as any counsel for defendant."

The court then gave the following instruction:

"Gentlemen of the Jury: The court will instruct you at this time that in your further consideration of this case and in your deliberations after you have retired for final deliberation you should not consider the defendant Lloyd Logan as connected with this case, and you are further instructed that what the court has said to you with respect to the defendant Lloyd Logan should not be considered by you in any manner or to any degree whatever in connection with your investigation of the charge against the defendant Smith in this case, but is a matter entirely independent of the other matter, and should not influence you in any way for or against the defendant Smith."

Whereupon appellant's counsel stated: "That is satisfactory to the defendants."

The appellant, through his counsel, having indicated that he was satisfied with the instruction given cannot now be heard to complain that his rights in this respect were not protected.

Appellant assigns as error the failure of the court to inform him of the provisions of section 7826, Rev. Codes, which section reads as follows:

"Before a jury is called, the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so before the jury is sworn."

This court held in *State v. Suttles,* 13 Ida. 88, 88 Pac. 238, and *State v. O'Brien,* 13 Ida. 112, 88 Pac. 425, that the record need not affirmatively show that the defendant was instructed as to his right to challenge a juror as required by this section. And in the absence of any showing to establish the fact as to whether or not the court has complied with the requirements of the law in this respect, the presumption is that the court complied therewith and discharged every duty the statute imposed upon it in the trial of the case. This places the burden upon appellant of introducing a proper and satisfactory affirmative showing in the record, pointing out the failure of

the court to so inform him. We do not think that the record in this case presents a sufficient showing on the point to enable this court to review it. However, waiving the proper presentation of the assignment, appellant has not shown that he was prejudiced by the failure of the court to so inform him, if, as a matter of fact, the court did omit to so inform him. Counsel for appellant have cited two cases in support of their contention. *People v. Monaghan,* 102 Cal. 229, 36 Pac. 511, does not even refer to the point. *People v. Moore,* 103 Cal. 508, 37 Pac. 510, is clearly distinguishable from the case at bar. In the Moore case appellant had no counsel in the trial court and did not exercise the right of challenge, the court in that case saying:

"There is nothing in the record to show that he was not prejudiced by the failure of the court to give the information required by the statute to be given,—nothing which enables us to avoid the general presumption that error is prejudicial. . . . . The general rule that everyone is presumed to know the law cannot be successfully invoked in a criminal case against a statute which provides that the defendant must be specially instructed as to what the law is on a particular point."

The cases reviewed in the Moore case—*People v. Mortier,* 58 Cal. 262, 266; *People v. O'Brien,* 88 Cal. 483, 489, 26 Pac. 362; *People v. Ellsworth,* 92 Cal. 594, 596, 28 Pac. 604— are all to the effect that where, as in this case, appellant was represented by counsel on the trial and exercised his right to challenge jurors, he is not prejudiced by the neglect of the trial court to advise him that if he intends to challenge an individual juror he must do so before the jury is sworn.

Many of appellant's assignments of error are directed against the instructions of the court as given and the refusal to give requested instructions. We will confine this portion of the opinion to a discussion of instructions Nos. 11 and 16 as given by the court. Instruction No. 11 reads as follows:

"Possession of property recently stolen, if proven, is not evidence sufficient of itself to warrant a conviction. It is merely a circumstance tending to show guilt which taken in

connection with other evidence is to determine the question of guilt. If, however, the jury believes beyond a reasonable doubt that the property described in the information was stolen, and was seen in the possession of the defendant soon after being stolen, the failure of the defendant to account for such possession or to show that such possession was honestly obtained is a circumstance tending to show his guilt; and the defendant is called upon to explain such possession, if. such possession has been proved, in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence disclosed any such.''

This instruction was sustained by this court in *State v. Wright,* 12 Ida. 212–218, 85 Pac. 493; *State v. Janks,* 26 Ida. 567, 144 Pac. 779. Some slight changes in the wording appear in the instruction as given in the case at bar, but they tend to render the instruction more favorable to the appellant.

Instruction No. 16 reads as follows:

''I further instruct you, that under the law of this state a person charged with the commission of a crime may testify in his own behalf, yet the defendant is under no obligation to do so, and his neglect to do so shall not create any presumption against him.''

Appellant insists that this instruction as given is erroneous, in that it does not state the law as fairly for the defendant as the language of the statute upon which it is based. Section 8143, Rev. Codes, is as follows:

''A defendant in a criminal action or proceeding to which he is a party is not, without his consent, a competent witness for or against himself. His neglect or refusal to give such consent shall not in any manner prejudice him nor be used against him on the trial or proceeding.''

This court held in *State v. Levy,* 9 Ida. 483, 75 Pac. 227, that it was not error to instruct the jury in the language of this statute. And while we think it would be much better to give the instruction in the language of the statute than to give it in the form used in instruction No. 16, *supra,* we do

not feel that under the circumstances of this case, the instruction as given amounts to prejudicial error.

We have examined the instructions given by the court, and the instructions requested by the defendant and refused by the court, and are satisfied that the instructions as given fairly and fully stated the law applicable to the facts and circumstances of the case.

Many errors are assigned on questions arising during the trial as to the admissibility of evidence. We have carefully examined the record in this regard, and without discussing these numerous errors in detail, we have to say that we have found no prejudicial error in the record.

The judgment, therefore, is affirmed.

Morgan and Rice, JJ., concur.

Petition for rehearing denied.