(No. 5247.   December 17, 1928.)

STATE, Appellant, v. W. N. McCARTY, Respondent.

[272 Pac. 695.]

H. J. Swanson, for Appellant.

Holden & Coffin and R. W. Jones, for Respondent.

GIVENS, J.—Defendant was charged with the crime of receiving stolen goods. At the close of the State's case, the defendant made a motion for a peremptory instruction to acquit on the grounds that the information was duplicitous and that there was a total absence of evidence tending to establish defendant's guilt in certain vital particulars.

The motion was granted and the jury returned a verdict of not guilty.

We do not decide whether, if the information were duplicitous, an instruction to acquit would be proper because the information was not duplicitous. (C. S., sec. 8438; *State v. Janks,* 26 Ida. 567, 144 Pac. 779; *State v. Brown et al.,* 36 Ida. 272, 211 Pac. 60; 17 R. C. L. 89; 34 Cyc. 523.) The court's action, to be justified, therefore, must have been based upon the absence of any evidence showing defendant's guilt.

At common law the trial judge had the same right to give a peremptory instruction in a criminal proceeding that he had in a civil action. (*Commonwealth v. Murphy,* 33 Ky. Law Rep. 141, 109 S. W. 353.) The effect of C. S., sec. 8963, is to limit this power, not to abolish it. Where

there is no evidence on which to base a verdict of guilty, it is still the right and duty of the trial court, upon proper motion, to direct an acquittal. A Montana statute, identical with our own, has been so construed. (*State v. Welch,* 22 Mont. 92, 55 Pac. 927, 930; *State v. Foster,* 26 Mont. 71, 66 Pac. 565; *State v. Tate,* 55 Mont. 343, 177 Pac. 243; *State v. Gomez,* 58 Mont. 177, 190 Pac. 982; *State v. Arnot,* 79 Mont. 417, 256 Pac. 1083; see note in 17 A. L. R. 910.) Where, however, the evidence is merely insufficient, the court must then advise the jury to acquit, which advice the jury is not bound to follow.

The above holding does not conflict with *State v. Peck,* 14 Ida. 712, 95 Pac. 515, and *State v. Downing,* 23 Ida. 540, 130 Pac. 461, where the question considered was not the total absence of evidence but the insufficiency of the evidence under C. S., sec. 8963.

The evidence is not in the transcript. In its absence we must presume the trial court correctly decided that there was a total lack of evidence, in which event, by reason of the above, his ruling will not be disturbed.

The judgment is affirmed.

Wm. E. Lee, C. J., and Budge and Taylor, JJ., concur.