222 P.2d 741

STATE v. ADAIR.

No. 7655.

Supreme Court of Idaho.

Sept. 29, 1950.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., John M. Sharp, Pros. Atty., Idaho Falls, for respondent.

GIVENS, Chief Justice.

Appellant was convicted of the misdemeanor of selling intoxicating liquor out of hours in violation of Section 23-927(b), I.C.

He seeks reversal on the ground there was no evidence showing that he, the defendant, was the party who sold the liquor and that, consequently, the court should have directed an absolute acquittal in accordance with State v. McCarty, 47 Idaho 117, 272 P. 695.

The State relies upon identification of the defendant as the party who sold the liquor, upon arraignment of defendant and entry of his plea of "not guilty." This, of course, is no evidence at all that the defendant was the party who sold the liquor.

The only evidence as to the transaction or the identity of the individual was the

W. K. Naylor, Idaho Falls, for appellant.

testimony of one Theron Roundy, then a Deputy Sheriff, that in the Broadway Club in Idaho Falls, Bonneville County, about twelve minutes after one o'clock a. m. on May 12, he saw a "Mr. Adair" at the end of the counter and behind the bar; that he talked with Mr. Adair and that he purchased a drink from a Mr. Adair over the counter, the drink having been prepared by a Mr. Adair; that he ordered the drink from "Eddie Adair." There was absolutely no testimony at all that Ernest Adair and Eddie Adair are the same person or that Ernest Adair, who was arrested and prosecuted, was the "Mr. Adair" who sold the liquor.

Some states evidently have statutes as to a presumption or inference of identity from identity of names, State v. Cunningham, 173 Or. 25, 144 P.2d 303 at 314; Charlie Wong v. Esola, 9 Cir., 6 F.2d 829. We have none, but even under such presumption or inference, there was here only identity of surname—thus entire absence of identification. 65 C.J.S., Names, §§ 2 and 3, p. 2.

There thus being a total lack of evidence to identify the defendant as the party who sold the liquor, People v. Coyodo, 40 Cal. 586; State v. Sullivan, 34 Idaho 68 at 74, 199 P. 647, 17 A.L.R. 902; and State v. McCarty, supra, the court should have directed an absolute acquittal.

The judgment is, therefore, reversed and remanded with instructions to the trial court to enter judgment of dismissal.

PORTER, TAYLOR, and KEETON, JJ., and KOELSCH, District Judge, concur.