Argued September 13, affirmed November 10, 1965

STATE OF OREGON *v.* GOWIN

407 P. 2d 631

*Charles O. Porter,* Eugene, argued the cause for appellant. On the briefs were Porter & Bach, Eugene.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Goodwin, Lusk and Schwab, Justices.

PERRY, J.

The defendant was convicted of the crime of arson and appeals.

The defendant purchased a small two bedroom home in Halsey for the sum of $1,000. He then insured the house for $6,000 to cover replacement value, and insured the contents for $4,000. The insurance was taken in Mrs. Gowin's name. On April 5, 1964, the property was destroyed by fire.

James Lannus, a former boarder at defendant's home and who was in arrears on his board to the extent of $50, testified the defendant offered him $250 and payment of his debt to burn the house. He also testified that defendant told him exactly how to accomplish this, and that in burning the house he followed defendant's instructions.

John Myler, defendant's brother-in-law, testified that defendant also offered him $250 to burn the house but he refused.

On the day of the fire, defendant took his entire family to Sutherlin. At about 7:40 p.m. of that day John Myler drove Lannus to a place near the house. Myler, who stated he did not know but suspicioned that Lannus might set fire to the house, then drove on to dispose of a deer skin. Myler returned a short time later and picked up Lannus.

Both Lannus and Myler testified that defendant described to them the method by which the house could be set on fire, and Barbara Myler, the wife of John Myler, testified she overheard defendant telling Lannus and her husband how the fire could be started.

An investigation by the Oregon State Police disclosed the fire to have been started in a manner similar to that described by the defendant to Lannus and the Mylers.

The defendant on this appeal claims prejudicial error in two particulars: First, that the trial court erred in not instructing the jury that the state's witnesses Lannus and Myler were accomplices as a matter of law; and second, since Lannus and Myler were accomplices as a matter of law and there was no evidence apart from their testimony to connect the defendant with the commission of the crime, the trial court erred in its failure to sustain his motion for a directed verdict of acquittal.

In *State v. Carr,* 28 Or 389, 396, 42 P 215, we stated:

"* * * Under all the authorities one who, being of mature years and in possession of his ordinary faculties, knowingly and voluntarily cooperates with or aids and assists another in the commission of a crime is an accomplice, without

regard to the degree of his guilt: 1 Russell on Crimes, 49; Wharton on Criminal Evidence, § 440; Rice on Criminal Evidence, § 319; Bishop on Criminal Procedure, § 1159; Cross v. People, 47 Ill. 152 (95 Am. Dec. 474)."

■ When a witness for the state testifies he knowingly and voluntarily assists a person in the commission of a crime, it then becomes the duty of the trial court to instruct the jury that such witness is an accomplice and his evidence must be corroborated as required by ORS 136.550. *State v. Carr,* supra; *State v. Weston,* 109 Or 19, 219 P 180; *State v. Edlund,* 81 Or 614, 160 P 534.

■ Therefore, there being no doubt but that Lannus was an accomplice as a matter of law, it was the duty of the trial court to so advise the jury.

■ However, the situation as to John Myler is different. His testimony is to the effect that he did not knowingly and willingly assist either the defendant or Lannus in the commission of the crime. The jury could have found otherwise. Therefore, his testimony created a question of fact which required submission to the jury. *State v. Weston,* supra; *State v. Edlund,* supra; *State v. Carr,* supra.

The defendant's criticism of the trial court's instruction is based on the statement of the court that "[i]f you find from the evidence in this case that either James Lannus or John Myler, each of whom were witnesses in this case, was an accomplice, then and in that event you cannot convict the defendant upon the testimony of such accomplice or accomplices unless their testimony is corroborated by the evidence tending to connect the defendant with the commission of the crime charged."

As pointed out, it would have been error for the trial court to have instructed that Myler was an accomplice as a matter of law. In this posture, the trial court should have instructed the jury as to the law applicable to each witness. However, since Myler was not an accomplice as a matter of law, the instruction can only be prejudicial as applied to the failure of the trial court to instruct as to Lannus.

Since it must be conceded that the trial court erred in failing to instruct the jury that Lannus was an accomplice as a matter of law, the question then posed is whether the court's failure to so instruct constituted, under the facts of this case, reversible error.

■ For an instruction standing alone to constitute reversible error it must have been such as would have prejudiced the defendant when the instructions are considered as a whole. *State v. Turnbow*, 99 Or 270, 193 P 485, 195 P 569.

The trial court instructed the jury as follows:

"In this case, as I have already stated to you, the charge against the defendant is that he did procure the burning of and caused to be burned the dwelling described in the information. In this connection I instruct you that if you find beyond a reasonable doubt that the defendant caused said dwelling to be burned by another person or persons, then such person or persons would be what is known in law as an accomplice."

This portion of the instructions definitely advised the jury that whoever actually set fire to the building at the request of the defendant was an accomplice.

It must be presumed that the jurors applied this instruction as given, for there is no evidence in the

case from which the jury could possibly have found that the defendant himself applied the torch.

■ We are, therefore, of the opinion that, although the trial court indirectly instructed the jury that Lannus was an accomplice instead of doing so directly, the jury could have in no way been misled in applying the requirements of ORS 136.550 to his testimony.

■ As to defendant's second assignment of error, even if we should on this appeal consider Myler an accomplice as a matter of law, a fact which we are not permitted to do, there is ample other evidence to corroborate the testimony of Lannus connecting the defendant with the commission of the crime.

The judgment is affirmed.