Clyde Julius RENFRO, Plaintiff in Error,
v.
The STATE of Oklahoma, Defendant in Error.
No. A–14942.

Court of Criminal Appeals of Oklahoma.
Oct. 21, 1970.

Thomas Dee Frasier, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., H. L. Mc-Connell, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Clyde Julius Renfro, hereinafter referred to as the defendant was charged by information in the District Court of Tulsa County with the crime of Robbery with Firearms. The information alleged while acting in concert with Leslie Dunnavant and Wilford Dion Moore, on February 28, 1966, robbed F. A. Filmore, manager of Tulsa Humpty Dumpty #42 of money and property belonging to said store, by threatening him with a revolver. Defendant was tried before a jury who found him guilty and assessed his punishment at from Five Years to Life in the penitentiary. From that judgment and sentence the defendant appeals.

A brief summary of the testimony will reveal that the State produced four witnesses to support their charge against the defendant. F. A. Filmore testified that he was the manager of the Humpty Dumpty Supermarket at 1401 E. 41st Street, Tulsa, Oklahoma. That on the 28th of February, 1966, he was a victim of an armed robbery by one Wilford Dion Moore shortly after 8:30 a. m. Shortly prior to the robbery, Leslie Dunnavant, an acquaintance of Filmore, had visited him as he often did, and was employed at an office near the Humpty Dumpty Store. Next the State presented Wilford Dion Moore, who cited his previous convictions, admitted the robbery and testified that Clyde Julius Renfro was a participant in the robbery by being the driver of the getaway car. That he had been acquainted with Renfro since January of 1965, and had known Clarence Batson and Dunnavant since the early part

of February, 1966. That in February, 1966, he occupied apartment #16 in the Luxor Apartments rented for him by Dunnavant. It was in this apartment, and at the suggestion of Dunnavant, that this robbery was planned by Moore, Renfro, Batson, and Dunnavant. The evidence reflects that Batson, along with Dunnavant, had cased the Humpty Dumpty Store the day before and had some difference in opinion as to how they should enter the store. However, Moore testified Batson did not actually participate in the robbery and was not present when the robbery took place. That he did show up at the apartment about an hour after the robbery, got approximately one-fourth of the loot but it was in exchange for a car he sold Moore. Batson testified that the defendant called him after the robbery and said they had completed the robbery, and that's when he went over to the apartment. He also testified that he, Moore, Renfro and Dunnavant had met and planned and agreed to the robbery but he decided the night before the robbery not to participate. That he and Dunnavant looked over the premises to be robbed very carefully the evening before, looked it over in detail. Went in Mr. Carlson's office next door and looked over the ceiling and the incomplete construction of the building and then went back to the apartment and discussed it with Moore and the defendant Renfro, and when he went home that night, everything was set for "go" for the next morning.

Defendant strenuously contends that Batson was an accomplice to the robbery therefore his testimony cannot be considered in corroborating the testimony of Wilford Dion Moore, a self-proclaimed accomplice. This is clearly stated in 22 O.S.A. § 742, which says:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The only other testimony produced by the state was Officer Tom Yerton, who testified as to a conversation with co-defendant Les Dunnavant (now deceased) the same day of the robbery, but after its completion; who told Officer Yerton that he saw a pick-up leave the scene at a high rate of speed. Though this testimony appears incompetent under the hearsay rule of evidence or any exception thereto, it did not tend in any way to connect the defendant with the commission of the alleged crime.

■ It is therefore obvious that the testimony of Moore and Batson is the only evidence connecting defendant with the crime or his participation therein, and it is obvious that the state attempted to corroborate Moore's testimony with that given by Batson. The question upon which this case must stand or fall is whether Clarence Batson was an accomplice. His actions in connection with the alleged offense were unrefuted and the trial judge should have made the determination as to whether he was an accomplice, instead he submitted the question to the jury. This Court said in Lizar v. State, 74 Okl.Cr. 368, 126 P.2d 552 (1942):

"Where acts and conduct of witnesses are admitted, it is a 'question of law' for court to determine whether the witness is an accomplice of accused."

Likewise, the Court said in Melot v. State, Okl.Cr., 375 P.2d 343 (1962):

"Where facts as to whether witnesses is or is not an accomplice are disputed and are reasonably susceptible of either interpretation, such issue is for jury."

■ In this instant case, it was for the court to determine whether the undisputed acts of the witness Batson made him an accomplice. If he was an accomplice his testimony connecting defendant with the commission of the offense was worthless and should have been excluded. The law as it is reflected by 21 O.S.A. § 172, states:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly

commit the act constituting the offense, *or aid and abet in its commission, though not present,* are principals."

This Court is of the opinion that the evidence in this case makes Clarence Batson an accomplice. He met with the other participants on numerous occasions and planned the robbery. He cased the store to be robbed in detail and met again with the participants and gave them the benefit of his discoveries, and the benefit of his previous experience and knowledge in armed robberies. He remained absolutely silent about the plans, and the robbery. He kept such information from the law enforcement authority. He met with the participants within an hour after the robbery, in the same apartment where it had been previously planned. He received a portion of the money ($1000.00) which he knew was taken in the robbery. He claims this money was in exchange for a car but no documentary proof of title transfer was ever produced.

This Court said in Yeargain v. State, 57 Okl.Cr. 136, 45 P.2d 1113:

> "An accomplice whose testimony must be corroborated to sustain conviction, is one who, with criminal intent, is concerned with others in commission of crime, either by *being present, participating in it, or, not being present, by aiding and abetting it, or by having advised and encouraged its commission.*"

In 1951, this Court said in the case of Wood v. State, Okl.Cr., 341 P.2d 613, that:

> "Proof beyond a reasonable doubt that one is an accomplice of defendant is not required; if the evidence raises a reasonable doubt as to whether or not the witness is an accomplice of defendant, it is necessary for the state to corroborate such witnesses' testimony."

[Batson at the time of giving his testimony was an inmate of the Muskogee County Jail on three charges of armed robbery, and stated "I plead guilty in 1949 to Larceny of an automobile for that I received three years; and I was convicted in 1962 in Federal Court, and for same charge, I received three years for that crime. And, I plead guilty in 1966 to five felony charges here in this county. I received three, five to life sentences; and two fives."]

[He was involved in identically the same degree in two other cases before this Court of which we can take judicial notice. Young v. State, Okl.Cr., 446 P.2d 79; and Renfro v. State, (Muskogee County, not yet reported.) It is most conspicious that the testimony in Young v. State, (Muskogee County) given by Batson was interchangeable with that in the instant case. Also his knowledge of the robbery in Muskogee was acquired in the same identical manner.]

Title 22 O.S.A. § 742, heretofore cited, requiring corroboration of an accomplice, was enacted for a specific purpose and said purposes have been stated by this Court on numerous occasions. There can be no better illustration than the case before us now. This Court said in Smith v. State, 78 Okl.Cr. 375, 148 P.2d 994:

> "The purpose of the statute providing that no person shall be convicted of a crime on the testimony of an accomplice, without corroboration, is to prevent one guilty of a crime from implicating another falsely, for hope of clemency, or motives of revenge or for any other reason."

Also, see Comba v. State, 68 Okl.Cr. 373, 99 P.2d 170.

In the case at bar, there is evidence that after Batson was placed in jail in Muskogee County he was taken to motels on different occasions and fed and entertained by law enforcement officers, and that he became engaged to a girl who worked in the county attorney's office. (whether the marriage ever materialized is unknown or whether the romance lasted until Batson testified for the state in a number of cases.) He testified he gave evidence for the state in six or seven cases. The record reflects that he was married to the ex-wife of Melvin Renfro, who is defendant's brother. She filed for

divorce while he was in jail. It is obvious that Batson was assisting law enforcement agents and the district attorney clear up a series of robberies, and what his hope of reward was, the Court does not know. However, this Court is fully aware of his testimony as it appears in the Young v. State, supra, and Renfro v. State, supra. These two cases arose out of the same robbery and Batson's testimony is very conflicting in the two cases to the extent that it borders on perjury. This Court, because of his incredulous testimony and his admitted part in the offenses, and his past record, looks upon him with a great deal of skepticism.

After careful review of the entire record, this Court concludes that the witness Batson was an accomplice to the alleged crime. As this Court said in the case of Wood v. State, supra:

> "If this court should declare that the witness was not an accomplice it would in substance say that he was not because he had said to his associates that he did not want to participate. This would open the avenue of defense in every crime where more than two were involved. Could it be said the law sanctions a rule that would permit a person to accompany bank robbers or those who commit burglary by saying he just went along for the ride."

■ He was an accomplice, and his testimony could not be considered in connecting defendant with the offense, and since there was no other testimony connecting defendant with its commission except Wilford Moore, who was a confessed accomplice, we are compelled to hold the evidence insufficient to sustain the conviction.

The case is therefore reversed with instructions to dismiss unless other testimony is available connecting defendant with the commission of the offense.

Reversed with instructions.

BRETT, P. J., concurs.

BUSSEY, J., not participating.