495 P.2d 11

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Leland EMMONS, Defendant-Appellant.**

**No. 10968.**

Supreme Court of Idaho.

March 21, 1972.

---

**606**

Gary L. Morgan of Gigray, Downen & Morgan, Caldwell, for defendant-appellant.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Appellant Leland Emmons appeals from his conviction of grand larceny as defined by I.C. § 18–4604(1).[1] Appellant was tried before a jury which returned its verdict of guilty. The district court entered judgment of conviction on the verdict and sentenced the appellant to a term of imprisonment not to exceed five years.

The principal issue is whether the district court erred in not finding that the state's main witness was an accomplice as that term is utilized in I.C. § 19–2117.[2] The district court allowed the jury to consider the issue as a factual question and the jury resolved it against appellant.

There is no serious dispute concerning the facts of the incident in question. On the evening of September 24, 1970, appellant and three other youths entertained themselves by driving about the streets of Caldwell, consuming a six-pack or more of beer as they drove. Randy and Frank appear to have been minors. Appellant was eighteen years of age, and the age of the fourth occupant, Ted, is not apparent.

At the beginning of the evening appellant drove the other three youths in his car. Later they changed to another car and Ted did the driving. Soon after the change of cars, Frank was dropped off at his home and took no part in the subsequent events. The other three continued their "cruising" activities around Caldwell.

The only occupants of the car who testified at the trial were Randy and Frank.

---

1. Effective January 1, 1972, this section was repealed. See comparable provision in the new Penal and Correctional Code, I.C. § 18–1302.

2. I.C. § 19–2117. "Testimony of accomplice—Corroboration.—A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

Frank's testimony only related to events which occurred prior to the time he was left at his home. Randy testified to the same facts as Frank, and also testified to events which occurred after Frank was dropped off. Sometime after midnight, according to Randy's testimony, the boys drove onto Maple Street, and appellant ordered Ted, the driver, to stop alongside a parked station wagon.

Randy testified that appellant got out of the car, looked in the station wagon, opened a door and removed a typewriter and cover and placed these in Ted's car. Randy stated that both he and Ted called to appellant to "leave this stuff alone." Inconsistent with their statements, however, both Randy and Ted got out of the car and proceeded to help themselves to a briefcase and copier machine out of the station wagon and loaded these items in Ted's car. (The information charged Emmons only with larceny of the typewriter and its cover and did not mention either the briefcase or copier machine.)

After placing the personal property in their vehicle, the three boys immediately drove away along side streets until they reached a vacant house rented by a relative of appellant. The three unloaded the goods and put them in the house and appellant and Ted then drove Randy to his home. Randy apparently had no further contact with the stolen goods and only spoke briefly thereafter with Ted who informed him that the police had been looking for him (Ted).

Three other witnesses testified. A Caldwell police detective testified that he came into possession of the typewriter and its cover from a third individual who told him she had purchased the typewriter and its cover from Ted. The detective's testimony in no way connected the typewriter to appellant.

Mr. Rowland, the owner of the station wagon from which the goods were taken, testified that in the early morning hours of September 25, 1970, he was awakened by noise in the street from a car, followed by a shout. He looked out and saw one fellow jump in the back seat of a car as it moved away. Due to the distance and darkness he was unable to further identify the vehicle or the occupants. He stated, however, that it was not unusual for youths in cars to stop in that vicinity. The record fails to contain any description of the second car the three boys were using that evening other than it was a two-door model.

The remaining witness was Mr. Johnson, the president of the corporation which employed Mr. Rowland as a salesman. He identified the typewriter and cover as property of the corporation and established the fair market value of the items.

At the close of all testimony, appellant moved to dismiss the information and to direct a verdict of acquittal. His motion was based on I.C. § 19–2117, *supra* note 2. Appellant contended (1) that Randy, the witness, was an accomplice as a matter of law, and (2) that there was no corroboration of Randy's testimony as required by I.C. § 19–2117, *supra*.

The respondent State challenged these two contentions and the district court ruled, "there [was] no corroboration whatsoever of the testimony of the witness," Randy. The court, however, denied the motion for a directed verdict, gave the jury definitions of accomplice, then instructed them as follows:

"You are instructed that a conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances of the offense.

"If you find that the witness, Randy * * *, was an accomplice as defined in these instructions you will acquit the

defendant as * * * [Randy's] testimony is not corroborated." Instruction 17.

The prosecutor objected to the last portion of Instruction 17, contending that there was corroborating evidence. However, in this Court the respondent State took no cross-appeal where this issue could have been raised. I.C. § 19–2804(5). Nor does the respondent's brief make any reference to such issue of corroboration. Supreme Court Rule 41(2) states in part, "Briefs of both parties shall state the several propositions of law claimed to be involved in the case and the authorities relied upon." *See* State v. Stevens, 93 Idaho 48, 454 P.2d 945 (1969). Therefore, we decline to consider this as an issue properly before this Court.

This Court in a number of decisions dealt with the definition of the term "accomplice."[3] In State v. Wilson, 93 Idaho 194 at 199, 457 P.2d 433 at 438 (1969), we reiterated previous statements of this Court as follows:

> "'An "accomplice" is a person concerned in the commission of a crime, whether he directly participates in the commission of the act constituting the offense or aids and abets in its commission * * *'" [Quoted from State v. Gilbert, 65 Idaho 210, at 215, 142 P.2d 584 at 585.]
>
> "* * * * * *
>
> "'Mere presence at, acquiescence in, or silent consent to the commission of an offense is not, in the absence of a duty to act, legally sufficient, however reprehensible it may be, to constitute one a principal, an accessory, or aider and abettor, or an accomplice. An accomplice is one who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or assists in committing it.'" (Quoted from State v. Altwatter, 29 Idaho 107, at 111, 157 P. 256 at 257.)

It is our conclusion that the actions of the witness, Randy, fall squarely within these definitions. The State argues that Randy did not take the typewriter or cover for which appellant was charged. Although that is the fact, yet, based on his unequivocal statements, it is also inescapable that Randy assisted in looting of the station wagon and wilfully participated in hiding the stolen goods. This was one continuous chain of events or transaction. It took but a moment for Randy to jump out of Ted's car and help with the theft from the station wagon. That this witness was an accomplice under the provisions of I.C. § 19–2117 is the only logical and reasonable conclusion which can be reached from this record.

Where there are facts in dispute or in conflict which raise a genuine issue as to whether a witness is indeed an accomplice, the court must submit that issue to the jury for resolution. State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933). However, it is clear from our decisions that where "it appears without substantial conflict in the testimony that such witness was an accomplice," the court must decide the question as a matter of law. State v. Brown, *supra*; State v. Wilson, *supra*. Accord: Cruz v. State, 40 Ariz. 436, 14 P.2d 247 (1932); People v. Wallin, 32 Cal.2d 803, 197 P.2d 734 (1948); People v. Barclay, 40 Cal.2d 146, 252 P.2d 321 (1953);

---

3. State v. Altwatter, 29 Idaho 107, 157 P. 256 (1916); State v. Grimmett, 33 Idaho 203, 193 P. 380 (1920); State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933); State v. Emory, 55 Idaho 649, 46 P.2d 67 (1935); State v. Gilbert, 65 Idaho 210, 142 P.2d 584 (1943); State v. Gonzales, 92 Idaho 152, 438 P.2d 897 (1968).

State v. Grant, 26 Idaho 189, 140 P. 959 (1914), cited in prior Idaho decisions for the definition of accomplice, is of doubtful authority. In that decision this Court held the question whether one Edwards was an accomplice to defendant's crime of arson to be one of fact for the jury. Our research has shown that Edwards was subsequently tried and convicted for the very same crime. This fact fundamentally weakens the reasoning found in the opinion.

Walker v. State, 89 Okl.Cr. 19, 204 P.2d 552 (1949); Renfro v. State, 477 P.2d 92 (Okl.Cr.App.1970); State v. Carr, 28 Or. 389, 42 P. 215 (1895); State v. Gowin, 241 Or. 544, 407 P.2d 631 (1965). The district court therefore erred in allowing the jury to pass on this issue.

The Oregon Supreme Court's opinion in State v. Carr, *supra*, wherein a criminal conviction was reversed because it was based on uncorroborated testimony of an accomplice, contains a clear statement of the purpose of a statute such as I.C. § 19–2117:

> "* * * This statute [essentially the same as I.C. § 19–2117] absolutely prohibits a conviction in a criminal case upon the uncorroborated testimony of an accomplice, even although [sic] the jury may believe such testimony to be entirely true, and that it establishes the defendant's guilt beyond a reasonable doubt. It proceeds upon the theory that experience in the administration of the criminal law has shown the sources of such testimony to be generally so corrupt as to render it unworthy of belief, and that it is therefore better as a matter of public policy to forbid a conviction on the uncorroborated testimony of an accomplice, although the guilty may thereby sometimes escape punishment, than to leave it possible for the conviction of an innocent person on such testimony. Whether this rule of law is wise or unwise is not for us to inquire. It is so written, and must be applied by the court * * *." 42 P. at 216.

As to the propriety of allowing the jury to decide the accomplice issue:

> "* * * The submission to the jury of the question as to whether Mrs. Huntington was an accomplice was equivalent to allowing them to decide, in effect, whether the statute should be enforced or suspended, as in their judgment would best promote the ends of justice, and, in view of the section above quoted, was an evasion of a duty incumbent upon the court. The statute is binding both on courts and juries, and its provisions cannot be evaded, however wholesome the result might be in a particular case, by submitting to a jury the question as to whether a witness is an accomplice, when no such issue of fact is raised by the testimony * * *." 42 P. at 217. We concur with the reasoning of the Oregon Supreme Court.

The judgment of conviction is reversed and the appellant discharged. I.C. § 19–2823.

DONALDSON and SHEPARD, JJ., concur.

McQUADE, Chief Justice, and BAKES, Justice (concurring in part and dissenting in part).

I.C. § 19–2117 provides that a conviction may be based on testimony of an accomplice if it is corroborated by other evidence that independently "tends to connect the defendant with the commission of the offense." The majority's holding, that the prosecution's chief witness was an accomplice under the statute, necessarily raises the issue of corroboration. However, the majority opinion circumvents this pivotal question by declining to consider it as an issue properly before this Court. On that basis the defendant is discharged. I concur in the holding on the accomplice issue; but I believe that the corroboration question should be faced squarely, and that the case should be remanded for a new trial.

I.C. § 19–2117 embodies a careful balance of competing social policies. By restricting reliance on accomplice testimony, the statute protects innocent defendants from convictions based solely on evidence obtained from sources considered suspect.[1] However, by authorizing convictions based on such testimony when corroborated by evidence independently tending to connect the defendant with commission of the crime, the statute also protects society from offenders who seek to escape crimi-

---

1. E. g., State v. Smith, 30 Idaho 337, 164 P. 519 (1917).

nal liability simply by asserting the culpability of the witnesses.[2] This synthesis of policies signifies to me that the accomplice and corroboration issues are indivisible when the statute is applied to a set of facts. In this case, the appellant has asked us to review the factual record in light of that part of the statute defining an accomplice. I cannot read our own Rule 41(2) as rendering this Court helpless to apply the whole statute unless requested in respondent's brief to do so. In any event, the State did make such a request in oral argument before this Court. For the Court to examine the accomplice issue but evade the corroboration issue is not justified by the circumstances of this appeal, nor is it consistent with the structure and language of the underlying statute.

The disputed Instruction 17, quoted in the majority opinion, was an instruction no one requested. In fact, the defendant requested that the chief witness be deemed an accomplice but that the issue of corroboration be submitted to the jury. When the trial court gave the accomplice issue to the jury but deemed the testimony totally uncorroborated, the prosecution objected and termed the court's instruction "highly prejudicial." However, the jury, after being so instructed, returned a guilty verdict. In the oral argument to which I previously referred, counsel for the State argued that if the judgment of conviction were reversed on the accomplice issue the case should be remanded for new trial because there remained a genuine issue of corroboration which should not have been taken from the jury.

Instruction 17 was peremptory in nature; it commanded the jury to acquit the defendant if the chief witness were found to be an accomplice, because his testimony was not corroborated. The peremptory instruction is a creature of common law which may be employed only when there is *no* evidence on which to base a conviction.[3] Where the evidence is merely insufficient, the court may give only an advisory instruction, which is discretionary and which the jury is not bound to follow.[4] "The distinction turns on the quantum of evidence produced."[5]

In the present case, the peremptory instruction was proper only if there was no corroborating evidence whatsoever. The trial court so found, and that finding ordinarily is entitled to great weight, but it is difficult to reconcile with the record before us. Frank, the youth who was dropped at his home, placed the defendant in the group as late as 12:00 or 1:00 a. m. the night the crime was committed. The car transfer already had occurred, and when Frank left the group there were three individuals including the defendant in their automobile. Mr. Rowland, the salesman from whose station wagon the typewriter and other items were removed, testified that between 1:30 and 2:00 a. m. he saw from the window of his house a car stopped beside the station wagon. As it moved away he discerned the figures of "three or four" persons inside. When he went outside to investigate he found the tail gate and left rear door of the station wagon open and the items in question gone. Police officer Wing testified that he later recovered the typewriter from a Mrs. Dill, and testified further without objection that she informed him the typewriter was purchased from Ted, a member of the group in which the defendant had been placed. None of this evidence was disputed by the defendant, who produced no other evidence of his own at trial and whose sole defense was that the chief witness was an accomplice.

2. *See* State v. Gillum, 39 Idaho 457, 228 P. 334 (1924).

3. State v. Powaukee, 78 Idaho 257, 300 P.2d 488 (1956); State v. Adair, 70 Idaho 486, 222 P.2d 741 (1950); State v. McCarty, 47 Idaho 117, 272 P. 695 (1928).

4. State v. Puckett, 88 Idaho 546, 401 P.2d 784 (1965); State v. McCallum, 77 Idaho 489, 295 P.2d 259 (1956).

5. State v. Grow, 93 Idaho 588, 591, 468 P.2d 320, 323 (1970).

The testimony of an accomplice is corroborated under I.C. § 19–21.7 if the evidence "tends to connect the defendant with the commission of the offense * * * [and does not merely show] the commission of the offense or the circumstances thereof." There is no general rule governing the quantum of evidence required, but it is well settled that the corroborative evidence need not be sufficient by itself to prove guilt, nor need it support the testimony of the accomplice on every material fact.[6] The evidence by itself may be slight and entirely circumstantial so long as it legitimately "tends to connect" the accused with commission of the offense.[7] It is instructive to note our application of these rules to analogous facts in State v. Bassett.[8] In that case the defendant in question was convicted of stealing and killing a steer belonging to another. The corroborating evidence placed the defendant in a group with a co-defendant and the testifying accomplice, place the group at the scene of the crime, and traced physical evidence of the crime to the group. The testimony of the accomplice identified the defendant as a culpable party within the group. The corroborative evidence was found sufficient and the judgment of conviction was affirmed. In that decision we recognized that testimony of an accomplice is necessary to identify culpable members of a group when the entire group may consist of principals or accomplices. If the group could not be pierced in this fashion, it would be possible for each member to escape criminal liability merely by asserting the culpability of the others.

This analysis is applicable to the present case. Evidence independent of the accomplice's testimony placed the defendant in a specified group, placed a corresponding group at the scene of the crime, and traced the contraband to the specified group. Testimony of the accomplice pierced the group to identify the defendant as a culpable party. On this basis it might be persuasively argued that the corroborating evidence satisfied the requirements of I.C. § 19–2117. At the very least there was sufficient corroboration to render improper a peremptory instruction to the jury based on a finding by the court that there was no corroborating evidence whatsoever. In light of our holding that the chief witness was an accomplice, the State is entitled to a new trial at which the jury is properly instructed on corroboration.

I.C. § 19–2821 empowers this Court to order a new trial on reversal. Such an order is made on the Court's own motion because the right to move for new trial is reserved by I.C. § 19–2406 to the defendant. Of course, we should refrain from exercising this statutory power to act on our own motion if the rights of the defendant would be prejudiced. However, the corroboration issue has been raised by defendant's request that we review Instruction 17 in light of I.C. § 19–2117. Moreover, there has been no judgment in favor of defendant in this case; judgment of conviction was entered pursuant to a verdict of guilty. No prejudice to the defendant would result from a new trial. To the contrary, discharge of the defendant without a new trial penalizes the State for an erroneous instruction which it did not request and to which it objected. More importantly, it compromises the fundamental public interest in having this defendant's true guilt or innocence properly determined under the law.

The case should be remanded for a new trial.

6. State v. Gillum, *supra* note 2.

7. State v. McCandless, 70 Idaho 468, 222 P.2d 156 (1950); State v. Mundell, 66 Idaho 339, 158 P.2d 799 (1945); State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933); State v. Orr, 53 Idaho 452, 24 P.2d 679 (1933).

8. 86 Idaho 277, 385 P.2d 246 (1963).