506 P.2d 115

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Wayne W. SENSENIG, Defendant-Appellant.**

**No. 10929.**

Supreme Court of Idaho.

Feb. 7, 1973.

Frank T. Elam, McCall, for defendant-appellant.

W. Anthony Park, Atty. Gen., James G. Reid, Asst. Atty. Gen., Idaho, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a conviction of burglary in the first degree. The sole question presented is the classification of one of the prosecution witnesses as an accomplice and the credibility to be given her testimony. We affirm the conviction.

On March 29, 1971, defendant-appellant Wayne W. Sensenig, (hereinafter defendant) was convicted of burglary in the first degree, under I.C. § 18–204, which made him liable as a principal for any criminal acts committed by another at his behest. At trial defendant presented no evidence. The State's case consisted of testimony tending to prove the following facts.

The manager of the Taco Time Restaurant in Boise was called to the restaurant

at about 1 A.M. on June 4, 1970. Upon arrival she found that a small safe, containing money, had been removed from the premises. W. H. Morgan, who lived near the restaurant, testified that at about 12:30 a. m. on the night in question he heard a car horn blowing. He looked out and saw a light colored, late model Chevrolet driving slowly northward on 19th Street. The car later passed his house a second time and stopped directly across the street from his front door. While standing in his front yard, Morgan saw the defendant get out of the car, stand beside the car, and then re-enter the car. Morgan saw another person in the car who appeared to be a woman. The same witness then saw the car back into the alley behind the Taco Time Restaurant and shortly thereafter he heard a metallic scraping noise in the alley.

Officer Logan of the Boise Police Force testified that on the night in question he was called to the restaurant and found a small safe in the alley. Skid marks in the alley indicated that the safe had been dragged from the Taco Time Restaurant. Officer McNichols, also of the Boise Police, testified that he drove his patrol car into the alley behind the restaurant where he saw a car with both doors and the trunk lid open. Two people who were behind the vehicle then closed the trunk, entered the car, and departed. McNichols followed the car for several blocks and then stopped it. McNichols found that the defendant was driving and that there were two passengers: Miss Kay Dennison and Charles (Chuck) Clark, the defendant's 16 year old stepson. Looking into the car the officer saw a short, steel pry-bar on the floor. He seized the bar and the state later introduced it into evidence at trial.

Kay Dennison testified that she had met the defendant at about 5 o'clock in the afternoon preceding the night in question. She stated that she was with the defendant Sensenig continuously from that time until his arrest the following morning. She testified that she and the defendant dropped Chuck (Clark) at the Taco Time Restaurant at about 12:15 and that the defendant told Clark that they would return to pick him up in about 15 or 20 minutes. She said that she and the defendant then drove around Boise for about 20 minutes during which time Sensenig told her that Chuck was "the stealingest man in the country and that he [the defendant] would help him [Clark] if he could to keep him from getting caught."

The witness Dennison then testified that they returned to the restaurant, stopped for a few minutes and that she then heard a metallic scraping noise in the alley. She testified that she told the defendant that somebody was dragging a "trash container" down the alley. The defendant replied, "That is the whole trash can, he has got the whole safe." She stated that Clark then got into the car and they drove around several blocks and then returned to the alley. They departed at once when they saw the police car approaching.

At trial the witness Dennison testified as follows concerning an incident which took place between herself and "Chuck" before they were stopped by the police:

"Q. Did anything else happen in the automobile during that brief period of time?

"A. Well, Chuck had, I know he had a pair of gloves and he had a bar of some kind, short—probably that long (indicating.)

"Q. What type of bar was that?

"A. There wasn't any light on in the car at that time, probably that big around, and he asked me to put it in my boot. I had on bell bottom pants and western boots.

"Q. What did you reply?

"A. No, I told him to stick it under the seat and then I was watching the police car pulling up behind us and I didn't pay any attention if he put it under the seat or what."

■ Appellant's principal assignment of error is "that the court erred in failing to instruct as a matter of law that witness Kay Dennison was an accomplice but rath-

**220**

er left the matter to a jury determination."
I.C. § 19–2117 provides:

"Testimony of Accomplice—Corroboration.—A conviction can not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, it if [sic] merely shows the commission of the offense, or the circumstances thereof."

The trial court, in the case at bar, instructed the jury in language substantially similar to that of the statute. The court then instructed the jury:

"Whether or not any witness in this case was an accomplce [sic] as defined in these instructions is *for the jury to determine* and all the testimony and the circumstances as shown by the evidence." (Emphasis supplied)

Defendant complains about this portion of the trial court's instruction.

Defendant relies heavily upon our recent decision in State v. Emmons, 94 Idaho 605, 495 P.2d 11 (1972). In *Emmons* we stated that, under those facts, the court should decide the "accomplice" question as a matter of law and so instruct the jury. However, we further said in *Emmons*:

"*Where there are facts in dispute or in conflict which raise a genuine issue as to whether a witness is indeed an accomplice, the court must submit that issue to the jury for resolution.* State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933). However, it is clear from our decisions that where 'it appears without substantial conflict in the testimony that such witness was an accomplice,' the court must decide the question as a matter of law. (citations omitted)" (Emphasis supplied) 94 Idaho at 608, 495 P.2d at 14.

The above emphasized language from *Emmons* is clearly applicable to this case. However, *Emmons'* facts are clearly distinguishable from those in the instant case. In *Emmons* the witness actively partici-

pated in the crime by actually removing personal property from a parked car. No such active participation was attributed to the witness Dennison.

This court proclaimed in State v. Gonzales, 92 Idaho 152, 155, 438 P.2d 897, 900 (1968):

" 'An "accomplice" is a person concerned in the commission of a crime, whether he directly participates in the commission of the act constituting the offense or aids and abets in its commission, or, not being present, has advised or encouraged its commission.' " State v. Gilbert, 65 Idaho 210, at 215, 142 P.2d 584, at 585 (1943).

"See State v. Grimmett, 33 Idaho 203, 193 P. 380 (1920); State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933).

" 'An "accomplice" is a responsible person whose wilful participation in the commission of a crime, when that fact is established by competent evidence in a court of requisite jurisdiction, renders him liable to a conviction of the offense.' " State v. Grimmett, 33 Idaho 203, at 212, 193 P. 380, at 382 (1920).

"*Mere presence at, acquiescence in, or silent consent to the commission of an offense is not, in the absence of a duty to act, legally sufficient, however reprehensible it may be, to constitute one a principal, an accessory, an aider and abettor, or an accomplice.* An accomplice is one who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or assists in committing it." State v. Altwatter, 29 Idaho 107, at 111, 157 P. 256, at 257 (1916).

" * * * *a mere mental state of uncommunicated consent or acquiescence on the part of a bystander, where a crime is being instigated, is not sufficient to make him an accomplice in its commission.* Some aiding, abetting or actual encouragement on his part is essential." State v. Grant, 26 Idaho 189, at 197, 140 P. 959, at 962 (1914). (Emphasis supplied) Cited with approval in

State v. Wilson, 93 Idaho 194, 457 P.2d 433 (1969). *See*: State v. Emmons, 94 Idaho 605, 495 P.2d 11, 14 (1972).

Applying the above definition to the facts of the instant case, we find a genuine issue as to whether the witness Dennison was indeed an accomplice. Admittedly, it could be inferred that she knew what was going on following Sensenig's statement that Chuck was the "stealingest man in the country." Nevertheless, her only participation in the crime, if such it was, was her suggestion to conceal the pry bar under the seat of the car after she had refused to hide it in her boot. The trial court did not err in submitting to the jury the question of whether witness Dennison was an accomplice. State v. Brown, 53 Idaho 576, 26 P.2d 131 (1933).

Appellant next assigns error in the admission of the testimony of Miss Dennison since "her testimony was not sufficiently corroborated." As aforesaid, our statute, I.C. § 19–2117 requires that an accomplice's testimony be corroborated before it can be used to support a conviction. The degree of corroboration necessary to comply with the statute was announced in State v. Gillum, 39 Idaho 457, 228 P. 334 (1924):

"No general rule can be stated with respect to the *quantum* of evidence corroborating an accomplice's testimony which is necessary to warrant a conviction; each case must be governed by its own circumstances, keeping in view the nature of the crime, the character of the accomplice's testimony, and the general requirements with respect to corroboration. Where the circumstances point to the guilt of the accused, independent of the accomplice's testimony, such circumstantial evidence may be a sufficient corroboration of the accomplice's testimony to sustain a conviction. *It is not necessary that the testimony of an accomplice be corroborated in every detail. Any corroborative evidence legitimately tending to connect the defendant with the commission of a crime may be sufficient to warrant a conviction, although stand-ing by itself it would not be sufficient proof of defendant's guilt."* (Emphasis supplied)

This rule was reiterated in State v. Bassett, 86 Idaho 277, 282, 385 P.2d 246, 248 (1963):

"It is not necessary that there be corroborating evidence concerning every material fact as to which the accomplice testified. The statute permits convictions upon the testimony of an accomplice with the limitations that the accomplice shall be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and hence the corroborative evidence must be independent of the testimony of the accomplice and connect or tend to connect the defendant with the commission of the crime charged. State v. Brake, 99 Or. 310, 195 P. 583; State v. Gillum, 39 Idaho 457, 228 P. 334; State v. Proud, 74 Idaho 429, 262 P.2d 1016; State v. Orr, 53 Idaho 452, 24 P.2d 679. *Corroboration of an accomplice need only connect the accused with the crime, it may be slight, and need only go to one material fact. It may be entirely circumstantial.* State v. McCandless, 70 Idaho 468, 222 P.2d 156. The jurors are the judges of the weight and credibility of the testimony under proper instructions." (Emphasis supplied)

■ Assuming, *arguendo*, that witness Dennison was an accomplice, and applying the tests set forth in *Gillum* and *Bassett*, we find that the testimony of the police officers and witness Morgan, was more than sufficient to corroborate the testimony of Miss Dennison. Their testimony clearly connects the defendant with the commission of the crime of burglary and satisfies the requirements of I.C. § 19–2117 and the *Gillum* and *Bassett* tests.

■ Defendant's final assignment of error asserts "that the verdict and the judgment are contrary to the evidence and the applicable law." That assignment is unspecific, vague and unsupported by either argument or authority and, therefore, will

not be considered. Supreme Court Rule 41, subd. 2; Haggerty v. Western Barge, Inc., 94 Idaho 509, 492 P.2d 48 (1971). The judgment of conviction is affirmed.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.